**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

WEST VIRGINIA HIGHLANDS
CONSERVANCY, INCORPORATED;
NATIONAL WILDLIFE FEDERATION,
              *Plaintiffs-Appellees,*

              v.                              No. 02-2375

GALE A. NORTON, Secretary of the
Interior,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Mary E. Stanley, Magistrate Judge.
(CA-01-775-2)

Argued: June 5, 2003

Decided: September 3, 2003

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by published opinion.
Judge Michael wrote the opinion, in which Judge Motz and Judge
King joined.

---

## COUNSEL

**ARGUED:** Katherine W. Hazard, Environment & Natural Resources
Division, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Appellant. Walton Davis Morris, Jr., MORRIS LAW

OFFICE, P.C., Charlottesville, Virginia, for Appellees. **ON BRIEF:** Thomas L. Sansonetti, Assistant Attorney General, Todd S. Kim, Environment & Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Rodney Vieira, Wayne A. Babcock, Office of the Solicitor, DEPARTMENT OF THE INTERIOR, Washington, D.C., for Appellant. Charles M. Kincaid, Huntington, West Virginia, for Appellees.

---

**OPINION**

MICHAEL, Circuit Judge:

This appeal takes origin in a citizen complaint filed by the West Virginia Highlands Conservancy, Inc. and the National Wildlife Federation (collectively, "WVHC") with the Department of the Interior's Office of Surface Mining Reclamation and Enforcement (OSM). The complaint alleged that a mining company was violating provisions of the Surface Mining Control and Reclamation Act (SMCRA), 30 U.S.C. §§ 1201 et seq. OSM rejected the complaint, and WVHC appealed to the Interior Board of Land Appeals (the Board). The Board remanded the case to OSM for the development of an adequate record and a new agency decision. After the Board denied WVHC attorney fees for its work in the administrative appeal, WVHC sought review of the Board's fee-denial decision in U.S. district court. The district court granted summary judgment to WVHC, holding that WVHC had earned fees because it had achieved "at least some degree of success on the merits" and had "made a substantial contribution to a full and fair determination of the issues." 43 C.F.R. § 4.1294(b). We affirm the district court's award of summary judgment in part, specifically, to the extent the court concluded that WVHC achieved some success because the Board-ordered remand advanced SMCRA's goals by requiring OSM to fulfill its duty to give proper consideration to citizen complaints. However, since the Board must decide in the first instance the factual issue of whether WVHC made a substantial contribution toward achieving the Board-ordered remand, we vacate the summary judgment in favor of WVHC on this issue. The case will be remanded to allow the Board to make a finding on the substantial contribution issue.

## I.

WVHC began this controversy by filing a citizen complaint, alleging a SMCRA violation, with OSM's Charleston, West Virginia, Field Office. Congress enacted SMCRA to, among other things, "establish a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." 30 U.S.C. § 1202(a). SMCRA is designed in part to "assure that appropriate procedures are provided for the public participation in the development, revision, and enforcement of regulations, standards, reclamation plans, or programs established by the Secretary or any State under [the Act]." *Id.* § 1202(i). One of the "appropriate procedures" to assure public participation in enforcing SMCRA standards allows any adversely affected person to notify OSM of the existence of a SMCRA violation at any surface mining operation. *Id.* § 1267(h). The notification is commonly known as a "citizen complaint." If a citizen complaint gives OSM reason to believe that a violation is taking place, the agency first issues a "ten-day notice" to the appropriate state regulatory authority (the state). *Id.* § 1271(a)(1); 30 C.F.R. § 842.11(b)(1)(ii)(B). This notice gives the state the opportunity to deal with any violation and to respond to OSM. OSM considers the state's response and determines whether the state has taken "appropriate action to cause the violation to be corrected" or has shown good cause for not taking action. 30 C.F.R. § 842.11(b)(1)(ii)(B)(*1*). If the state's response is inadequate, OSM (through its field office) must conduct its own inspection. 30 U.S.C. § 1271(a)(1); 30 C.F.R. § 842.11(b)(1)(ii)(B)(*1*). If the OSM field office accepts the state's response as appropriate (and thereby declines to conduct a federal inspection), the citizen complainant may seek "informal review" with the Director of OSM or his designee. 30 C.F.R. § 842.15(a). The decision of the Director or his designee may be appealed to the Board. 30 C.F.R. § 842.15(d); 43 C.F.R. § 4.1281.

WVHC's citizen complaint alleged that Valley Camp Coal Co. (Valley Camp) owned or controlled Bufflick, Inc., a company holding the permit for a mine in Kanawha County, West Virginia, that was in violation of SMCRA's reclamation requirements. When a mine is in violation of SMCRA, any entity that owns or controls the mine or that owns or controls the permit holder for the mine must be blocked from receiving new mining permits, and its current permits must be

rescinded. 30 U.S.C. § 1260(c); 33 C.F.R. § 773.21. The complaint sought to have Valley Camp's permits rescinded because of the violations at Bufflick's mine. The complaint also alleged that Valley Camp violated SMCRA by failing to disclose its ownership or control of Bufflick in its own permit applications. *See id.* § 1257(b)(4).

Upon receiving WVHC's complaint, OSM's Charleston Field Office issued a ten-day notice to the state (the West Virginia Department of Environmental Protection). The state responded to the notice by saying that it found no ownership or control link between Valley Camp and Bufflick. The OSM field office considered the state's response and "found it to be appropriate." WVHC sought informal review of the field office decision with the Director's designee, an Assistant Director, who affirmed the field office. The Assistant Director based his decision on what he called "the 2-page lease agreement between Valley Camp and Bufflick." WVHC filed an appeal with the Board, and OSM responded by moving for a remand. The agency sought a remand because it discovered that the document the Assistant Director had treated as a lease was merely a property description of premises covered by a sublease between Valley Camp and Bufflick. The actual sublease was not part of the record reviewed by the agency. OSM admitted that the Assistant Director's decision was "inadequately supported" and was "open to question with respect to its reliability." A remand, OSM said, would allow it "to develop an adequate record" and "make a fully informed decision" on the issue of any ownership or control relationship between Valley Camp and Bufflick. The Board granted the motion and vacated the Assistant Director's decision that had affirmed the field office decision accepting the state's assessment. This, the Board said, "put[ ] the matter back to the beginning of the informal review process."

On remand OSM referred the matter to its Applicant/Violator System Office (AVSO), which maintains the agency's database of companies and the connections between them. AVSO found no ownership or control connection between Valley Camp and Bufflick. WVHC appealed this finding, but withdrew the appeal when Valley Camp got out of the coal mining business. WVHC then petitioned the Board under 30 U.S.C. § 1275(e) for an award of attorney fees from OSM to cover the organization's first appeal to the Board, which resulted in the remand to OSM. The Board denied the fee petition on the

ground that WVHC "failed to achieve any degree of success on the merits of [its citizen] complaint." Next, WVHC filed an action against Gale A. Norton, Secretary of the Interior, in the U.S. District Court for the Southern District of West Virginia, seeking judicial review of the Board's decision to deny attorney fees. (With the consent of the parties, the case was assigned to a magistrate judge for disposition. *See* 28 U.S.C. § 636(c).) The Secretary and WVHC filed cross-motions for summary judgment. The district court granted summary judgment to WVHC, holding that WVHC is entitled to an administrative award of costs and expenses, including attorney fees. The court remanded the matter to the Board for a determination of the amount to be awarded. The Secretary appeals.

## II.

We first consider whether we have subject matter jurisdiction. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *Betty B Coal Co. v. Dir., Office of Workers' Comp. Programs*, 194 F.3d 491, 495 (4th Cir. 1999). The Secretary appeals from the district court's order of summary judgment (1) holding that WVHC should get attorney fees from OSM and (2) remanding the case to the Board for a determination of the amount. We have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. "A district court's order remanding a case to an administrative agency is usually not a final, appealable decision under 28 U.S.C. § 1291." *Hanauer v. Reich*, 82 F.3d 1304, 1306 (4th Cir. 1996). Nevertheless, "if a district court order remanding a case to an administrative agency will be effectively unreviewable after a resolution of the merits, the order is a final decision." *Id.* at 1306-07. The district court's summary judgment order remanded the case for the Board to make an award of fees in the appropriate amount. The Board awards and sets the fees because the Secretary has delegated to the Board "the authority to exercise the final decisionmaking power of the Secretary under the act pertaining to . . . [p]etitions for [fee] awards." 43 C.F.R. § 4.1101(a)(7) (2002). Section 1276(a)(1) of SMCRA allows persons aggrieved by actions of the Secretary to petition for judicial review. 30 U.S.C. § 1276(a)(1). A Board decision awarding fees is the exercise, by delegation, of the Secretary's power, and the Secretary cannot be aggrieved by what is, in effect, her own decision. In this case, then, the Secretary would not be able to petition for judicial review of any

Board decision on remand awarding attorney fees pursuant to the district court's summary judgment order. Thus, if we do not review the district court's summary judgment order prior to a remand to the Board, the summary judgment order will become "effectively unreviewable" as far as the Secretary is concerned. *See Hanauer*, 82 F.3d at 1306-07. This means that the order operates as a final decision, and we have jurisdiction to review it.

## III.

## A.

The Secretary argues on appeal that the district court's order awarding summary judgment to WVHC should be reversed because the Board properly denied attorney fees to WVHC on the ground that the organization failed to achieve any success on the merits of its citizen complaint. We begin our consideration of the Secretary's appeal with a brief review of the law on attorney fees. The American Rule is that "the prevailing litigant is *ordinarily* not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975) (emphasis added). There are exceptions to the American Rule, most notably in certain fee-shifting statutes that require or permit a court or agency to order one party to pay the reasonable attorney fees of another. *See Loggerhead Turtle v. County Council*, 307 F.3d 1318, 1322-23 (11th Cir. 2002). Most fee-shifting statues allow the award of fees to the prevailing party. *See id.* at 1322 n.4 (listing "prevailing party" statutes). Some statutes, however, allow the award of fees to any party whenever the court or agency determines an award to be appropriate. *See id.* at 1322-23 n.5 (listing "whenever appropriate" statutes). The discretion afforded courts and agencies under the "whenever appropriate" statutes is not unbounded, however. In *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983), the Supreme Court held that "absent some degree of success on the merits by the claimant, it is not 'appropriate' for a federal court to award attorney's fees." *Id.* at 694. This principle applies to all "whenever appropriate" fee-shifting statutes. *Id.* at 682 n.1.

SMCRA's fee-shifting provision, 30 U.S.C. § 1275(e), which is before us today, fits in the "whenever appropriate" category. Section 1275(e) provides that reasonable fees incurred by a party in adminis-

trative proceedings under SMCRA "may be assessed against either party as . . . the Secretary . . . deems proper." The Secretary has delegated her fee assessment authority to the Board. *See* 43 C.F.R. § 4.1101(a)(7). The Secretary has also promulgated a regulation, 43 C.F.R. § 4.1294(b), to insure that § 1275(e) is implemented in a way that is consistent with *Ruckelshaus*. The regulation authorizes the Board to hold OSM liable for fees to a party, other than a permittee, "who prevails in whole or in part, achieving at least some degree of success on the merits, upon a finding that such person made a substantial contribution to a full and fair determination of the issues." *Id.* § 4.1294(b).

The fee petitioner must thus satisfy two requirements under the regulation: first, what is called the "eligibility requirement" (achieving at least some degree of success on the merits); and, second, what is called the "entitlement requirement" (making a substantial contribution to the determination of the issues). *See W. Va. Highlands Conservancy*, 152 I.B.L.A. 66, 74 (2000). The Board denied WVHC's fee petition on the sole ground that the organization did not meet the threshold eligibility requirement. According to the Board, WVHC did not achieve any degree of success on the merits when the Board remanded the matter to OSM so that the informal review of the field office decision could begin anew. The district court reversed, holding that WVHC achieved some success on the merits because OSM "admitt[ed] it failed to conduct a proper inquiry." The district court went on to decide the entitlement question, which the Board did not reach. The court found that WVHC made a substantial contribution to the determination of the issues because if WVHC had not appealed OSM's informal review decision to the Board, "it is unlikely that OSM would have discovered its error in failing to review the proper documents." We consider the eligibility and entitlement issues in turn.

B.

The Secretary first argues that the district court should have deferred to the Board's decision that WVHC was ineligible for an award of attorney fees. The Board's conclusion that WVHC did not achieve some degree of success on the merits, the Secretary says, represents the Board's interpretation of its own regulation and is therefore due our deference under the line of cases starting with *Bowles v.*

*Seminole Rock & Sand Co.*, 325 U.S. 410 (1945). *See also Kentuckians for the Commonwealth v. Rivenburgh*, 317 F.3d 425, 439 (4th Cir. 2003). Under *Seminole Rock* deference an agency's interpretation of its own regulation is binding on a court "unless [the interpretation] is plainly erroneous or inconsistent with the regulation." *Seminole Rock*, 325 U.S. at 414. *See also Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). However, "[w]hen the administrative interpretation is not based on expertise in the particular field . . . but is based on general common law principles, great deference is not required." *Burgin v. Office of Pers. Mgmt.*, 120 F.3d 494, 497 (4th Cir. 1997) (quoting *Jicarilla Apache Tribe v. Fed. Energy Regulatory Comm'n*, 578 F.2d 289, 292-93 (10th Cir. 1978)). This exception to *Seminole Rock* deference is invoked to allow de novo review of an agency's legal determination. *See, e.g.*, *Burgin*, 120 F.3d at 497-99 (Office of Personnel Management's interpretation of contractual language); *Colo. Pub. Utils. Comm'n v. Harmon*, 951 F.2d 1571, 1578-79 (10th Cir. 1991) (Department of Transportation's determination that its regulation preempts a state law); *Grossman v. Bowen*, 680 F. Supp. 570, 575 (S.D.N.Y. 1988) (Secretary of Health and Human Services' application of common law principles to determine when a person is presumed dead). The question of whether the result achieved by a party in a case warrants eligibility for an award of attorney fees is also a legal determination that a court is as competent to decide as the Board. *See Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir. 2002) ("The designation of a party as a prevailing party . . . is a legal determination which we review de novo."). We will therefore review de novo the Board's decision that WVHC is ineligible for fees on the ground that it did not achieve any degree of success on the merits.

The Secretary argues that WVHC achieved no success on the merits because on remand OSM found that there was no ownership or control link between Valley Camp and Bufflick. The Secretary's argument runs up against *National Wildlife Federation v. Hanson*, 859 F.2d 313 (4th Cir. 1988). In *Hanson* the plaintiffs challenged an Army Corps of Engineers determination that a tract of land was not wetlands under the Clean Water Act. The district court found that the Corps had not adequately evaluated the tract before determining that it was not wetlands; the court therefore remanded the case, directing the Corps to make a properly informed wetlands determination. *Id.* at 315; *see also Nat'l Wildlife Fed'n v. Hanson*, 623 F. Supp. 1539,

1546-48 (E.D.N.C. 1985). The plaintiffs in *Hanson* petitioned the district court for attorney fees under the Clean Water Act's "whenever appropriate" fee provision, 33 U.S.C. § 1365(d), for their successful efforts in obtaining the remand order. The Corps objected to the fee petition, arguing that the plaintiffs could not prevail until the Corps issued a determination that the tract was wetlands. The district court nevertheless awarded the plaintiffs fees before the Corps made its new determination. *Hanson*, 859 F.2d at 316. On appeal we held that the Corps's ultimate determination — either wetlands or no wetlands — was not relevant to whether the plaintiffs had achieved some degree of success on the merits. We read *Ruckelshaus* to allow fee awards "to partially prevailing parties where the action served to promote the purposes of the Act," *id.* at 317, and we concluded that the remand obtained by the plaintiffs "serve[d] a key purpose of the citizen suit provisions which is to ensure that the agencies fulfill their duties under the [Clean Water Act] responsibly," *id.* The plaintiffs had therefore achieved sufficient success on the merits to be eligible for an award of fees.

A primary purpose of SMCRA's citizen complaint provision is likewise to ensure that OSM fulfills its duties under the Act. *See Haydo v. Amerikohl Mining, Inc.*, 830 F.2d 494, 497 (3rd Cir. 1987) (stating that "[t]he principal purpose of [SMCRA's] citizen suit provision" is to provide a means of insuring that OSM carries out its responsibilities under the Act); H.R. Rep. No. 95-218, at 88-89 (1977) ("[P]roviding citizens access to administrative appellate procedures and the courts is a practical and legitimate method of assuring the regulatory authority's compliance with the requirements of the act."); S. Rep. No. 95-128, at 59 (1977) (same). One of OSM's specific duties under SMCRA is to deny a permit to, or revoke the permit of, an entity that owns or controls a surface coal mining operation that is in violation of SMCRA or other environmental laws. 30 U.S.C. §§ 1211(c)(1), 1260(c); 30 C.F.R. § 773.21.

The purpose of WVHC's citizen complaint was to ensure that OSM performed its statutory duty to block permits to those who own or control surface mines that are in violation of SMCRA or other environmental laws. OSM fails in this statutory duty when it does not make adequate inquiry into complaints that the ownership and control provisions are being violated. Here, once WVHC's administrative

case was on appeal to the Board, OSM admitted that it had not done its job. Specifically, OSM admitted that the Assistant Director's decision on informal review — affirming in effect the rejection of WVHC's complaint — "was inadequately supported" and was therefore "open to question as to its reliability." The Board itself, after noting that OSM had acknowledged that the Assistant Director's decision was based on an inadequate record, concluded that this shortcoming "casts significant doubt on the reliability of [the Assistant Director's] informal review decision." The Board-ordered remand was therefore necessary to make sure that OSM properly fulfilled its duties under SMCRA. *Cf. Hanrahan v. Hampton*, 446 U.S. 754 (1980) (per curiam) (holding that remand to district court does not establish eligibility for fees under "prevailing party" statute when the statute is not aimed at ensuring an agency's procedural diligence); *Bly v. McLeod*, 605 F.2d 134, 137 (4th Cir. 1979) (same). Specifically, the Board's remand requiring OSM to reconsider the question of ownership or control after developing a complete record advanced the statutory goal of ensuring that the agency acted responsibly in fulfilling its duties, regardless of what its ultimate determination turned out to be. *See Hanson*, 859 F.2d at 317. An administrative remand, like the one ordered by the Board here, that advances an important statutory goal is sufficient success on the merits to establish eligibility for an award of fees under *Ruckelshaus* and *Hanson*, even when that goal is simply to make sure that an agency fulfills its statutory duties.

The Secretary, citing *Hanson*, also argues that WVHC did not achieve success on the merits because it did not obtain all of the relief that the Board had authority to render. *See id.*, 859 F.2d at 317. The Board did have the authority to order OSM to reject the state agency's resolution of the matter and to order OSM to conduct a full-blown investigation. The Board's remand order that required OSM to restart the informal review process thus did not constitute all of the relief that WVHC could have received. But the remand order amounted to partial success — success that required OSM to do a proper job in carrying out one of its duties under SMCRA. This degree of success is sufficient to establish eligibility for an award of fees under SMCRA's "whenever appropriate" fee-shifting provision. *See Ruckelshaus*, 463 U.S. at 688.

In sum, the district court properly granted summary judgment to WVHC on the question of its eligibility for a fee award.

C.

A fee petitioner under SMCRA must also establish its entitlement to a fee award. Here, the regulation requires "a finding that [the petitioner] made a substantial contribution to a full and fair determination of the issues." 43 C.F.R. § 4.1294(b). The Board has held, in another case involving WVHC, that the key to a finding of substantial contribution is "the existence of a causal nexus between petitioners' actions in prosecuting the Board appeal and the relief obtained." *W. Va. Highlands Conservancy*, 152 I.B.L.A. at 74 (citing *Ky. Res. Council, Inc. v. Babbitt*, 997 F. Supp. 814, 820-21 (E.D. Ky. 1998)). Some of the arguments that the Secretary makes in favor of her position that WVHC is ineligible for fees actually go to the issue of whether WVHC made a substantial contribution, that is, whether there is a causal nexus between WVHC's work on the appeal and the remand. The Secretary's argument that it was OSM, and not WVHC, that filed the motion with the Board seeking a remand is one example. In any event, the Board did not make a finding with respect to substantial contribution because it did not reach the issue. The district court, however, found that WVHC made the necessary substantial contribution because if it had not appealed the Assistant Director's decision to the Board, "it is unlikely that OSM would have discovered its error in failing to review the proper documents." The Secretary argues that the district court was without authority to make this finding. We agree.

SMCRA's fee-shifting statute allows attorney fees to be "assessed against either party [in administrative proceedings] as . . . the Secretary [in actuality, the Board] . . . deems proper. 30 U.S.C. § 1275(e). This means that the substantial contribution (or entitlement) determination, which is the second step in the determination of whether a fee award is proper, is committed by statute to the Board's discretion. In part II.B, *supra*, we reviewed de novo the Board's legal determination of whether WVHC achieved success on the merits. The substantial contribution determination is different, however. The regulation explicitly labels the substantial contribution determination as a "finding," indicating that it is a factual determination unlike the legal question of success on the merits. *Cf. Bond v. Blum*, 317 F.3d 385, 397-98 (4th Cir. 2003) (reviewing as a factual finding the district court's determination of "the reasonableness of the [plaintiff's] legal posi-

tions" in awarding attorney fees to copyright defendants); *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 946 (3rd Cir. 1994) (in considering petition for attorney fees in the bankruptcy context, "[t]he inquiry concerning the existence of a substantial contribution is one of fact."); *In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir. 1986) (same). The factual question of whether WVHC made a substantial contribution toward achieving the Board-ordered remand is therefore for the Board to answer in the first instance.

The Board, of course, did not make a finding on the substantial contribution issue, and we must decide whether the district court could step in and make the finding itself. As the Supreme Court has said, "it is . . . familiar appellate procedure that where the correctness of the lower court's decision depends upon a determination of fact which only a jury could make but which has not been made, the appellate court cannot take the place of the jury. Like considerations govern review of administrative orders." *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943). *Chenery* is cited most frequently for the principle that a reviewing court may only uphold an agency decision on grounds relied upon by the agency. *See, e.g., GTE South, Inc. v. Morrison*, 199 F.3d 733, 741-42 (4th Cir. 1999). Its holding rests, of course, on the more basic proposition that a reviewing court may not decide matters that Congress has assigned to an agency. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 355 (2002) (per curiam) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."); *Chenery*, 318 U.S. at 88 ("If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment."). The district court therefore erred in deciding the factual question of whether WVHC made a substantial contribution toward achieving the remand order in the administrative appeal. That question was for the Board to decide, and the district court should have remanded the matter to the Board for the appropriate factfinding. We therefore vacate the grant of summary judgment to WVHC on the issue of substantial contribution. The case must be remanded to the Board for consideration of this issue. If the Board should find that WVHC made a substantial contribution entitling it to fees, the Board will also set the amount.

## IV.

We affirm the district court's award of summary judgment to WVHC insofar as it determines that WVHC is eligible for attorney fees as a result of achieving some success in its administrative appeal. We vacate the award of summary judgment insofar as it finds that WVHC made a substantial contribution and is thus entitled to fees. We remand the case to the district court which will, in turn, remand to the Interior Board of Land Appeals for further proceedings on the question of substantial contribution.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*