WILLIAMS, Circuit Judge,
dissenting:
I agree with the majority that substantial evidence does not support the Benefits Review Board’s decision. Nevertheless, for the following reasons, I disagree with the majority’s decision to remand with instructions for the Board to see to the entry of an order awarding benefits.
I.
Under 30 U.S.C.A. § 921(c)(3) (West 1986 & Supp.2006), there is an irrebuttable presumption that a miner was totally disabled at the time of his death due to pneumoconiosis, or that his death was due to pneumoconiosis, if the miner suffered from a chronic dust disease of the lung and “(A) an x-ray of the miner’s lungs shows at least one opacity greater than one centimeter in diameter; (B) a biopsy reveals “massive lesions” in the lungs; or (C) a diagnosis by other means reveals a result equivalent to (A) or (B).” Eastern Assoc. Coal Corp. v. Director, OWCP, 220 F.3d 250, 255 (4th Cir.2000); see also 20 C.F.R. § 718.804 (2006). “The condition described by these criteria is frequently referred to as ‘complicated pneumoconio-sis.’ ” Id. “[Bjecause prong (A) sets out an entirely objective scientific standard— i.e. an opacity on an x-ray greater than one centimeter — x-ray evidence provides the benchmark for determining what under prong (B) is a massive lesion and what under prong (C) is an equivalent diagnostic result reached by other means.” Id. at 256 (internal quotation marks omitted).
In this case, there were no x-rays of Mr. Perry’s lungs. Instead, the administrative law judge (ALJ) considered the opinions of Dr. Mellen, who was the autopsy prosector, and five other doctors who reviewed Mr. Perry’s medical history and microscopic slides (made by Dr. Mellen) of Mr. Perry’s lungs. Dr. Mellen determined from the autopsy that there were lesions in Mr. Perry’s lungs that would show up on an x-ray as an opacity greater than 1 cm, although he qualified his opinion by saying that he was “not a hundred percent sure.” (J.A. at 78.) Four other doctors — Drs. Oesterling, Naeye, Rosenberg, and Morgan — concluded that Mr. Perry had simple, not complicated, pneumoconiosis. Only Dr. Perper agreed with Dr. Mellen that Mr. Perry had complicated pneumoco-niosis.
In evaluating this evidence, the ALJ “discredit [ed]” Dr. Mellen’s opinion that Mr. Perry had complicated pneumoconiosis because Dr. Mellen did not note Mr. Perry’s lengthy smoking history and because his opinion was “equivocal.” (J.A. at 438.) The ALJ gave “less weight” to Dr. Per-per’s opinion because it relied on Dr. Mel-len’s findings without mentioning the fact that those findings did not include Mr. Perry’s smoking history or explaining how knowledge of that history would have affected those findings. (J.A. at 439.) Having discounted the two doctors’ opinions that were favorable to Mrs. Perry, the ALJ concluded that she had “not proven that [Mr. Perry] had complicated coal workers’ pneumoconiosis.” (J.A. at 439.)
*368 I agree with the majority that the ALJ improperly discounted the opinion of Dr. Mellen and, by extension, the opinion of Dr. Perper. Although Dr. Mellen expressed some uncertainty in his opinion, that is not a sufficient basis to discredit completely his opinion, for a “reasonable medical opinion is not rendered a nullity because it acknowledges the limits of reasoned medical opinions.” Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 763 (4th Cir.1999). The ALJ’s discrediting of Dr. Mellen’s opinion is particularly troubling because, as the majority states, Dr. Mellen “was the only doctor to assess the size of the nodules in gross and under a microscope,” which gave him a perspective that the other doctors lacked. Ante at 356. The ALJ’s error of discounting Dr. Mel-len’s opinion means that he reached a decision after considering only part of the evidence. His decision — and the Board’s decision in affirmance — is therefore not supported by substantial evidence.
II.
Because the Board’s decision is not supported by substantial evidence, we should vacate the Board’s decision and remand with instructions for the ALJ to consider properly all the medical evidence before making a new determination of whether Mr. Perry had complicated pneumoconio-sis. In determining a claim for black lung benefits, “all relevant evidence shall be considered.” 30 U.S.C.A. § 923(b). We have repeatedly instructed ALJs to heed this command. In Eastern Assoc. Coal Co., we said that the ALJ “must in every case review the evidence under each prong of § 921(c)(3) for which relevant evidence is presented to determine whether complicated pneumoconiosis is present.” 220 F.3d at 256. Evidence under each prong “must be considered and evaluated to determine whether the evidence as a whole indicates a condition of such severity that it would produce opacities greater than one centimeter in diameter on an x-ray.” Id. (emphasis added); see also Lester v. Director, OWCP, 993 F.2d 1143, 1145 (4th Cir.1993) (“To make ... a determination [of complicated pneumoconiosis], the OWCP necessarily must look at all of the relevant evidence presented.” (emphasis added)). All of the relevant evidence must be considered because otherwise the existence of complicated pneumoconiosis “could be found even though the evidence as a whole clearly weighed against such a finding.” Island Creek Coal Co. v. Compton, 211 F.3d 203, 209 (4th Cir.2000). Nevertheless, rather than vacating the Board’s decision and remanding for a new, proper consideration by the ALJ of all the evidence, the majority weighs the evidence itself, concludes that Dr. Mellen’s opinion triggers the irrebuttable presumption of 20 C.F.R. § 718.304, and remands with the instruction that Ms. Perry be awarded benefits. Ante at 365, 367.
In this approach, my good colleagues ignore the limits placed on a court’s power to decide a question that Congress has entrusted to an administrative agency. See, e.g., SEC v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943) (“For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency.”). It is a fundamental tenet of administrative law that a “judicial judgment cannot be made to do service for an administrative judgment.” Id. We therefore generally must “remand a case to an agency for decision of a matter that statutes place primarily in agency hands.” INS v. Orlando Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). This rule rests on the “basic proposition that a reviewing court may not decide matters that Con *369 gress has assigned to an agency.” W. Va. Highlands Conservancy, Inc. v. Norton, 343 F.3d 239, 248 (4th Cir.2003).
In Ventura, for example, the Board of Immigration Appeals had held that Ventu-ra was not entitled to asylum because he did not fear persecution on account of his political opinion. Ventura, 537 U.S. at 13, 123 S.Ct. 353. The Ninth Circuit reversed, finding that the record did show fear of political persecution. The court went on, however, to also reject the alternative argument that the Government had made before the immigration judge, namely, that country conditions in Guatemala had improved to the point that persecution was no longer likely. Id. The Supreme Court summarily reversed. The Court noted that a court of appeals is “not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.” Id. at 16, 123 S.Ct. 353 (internal quotation marks omitted). The Court further explained that the administrative “agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later to determine whether its decision exceeds the leeway that the law provides.” Id. at 17, 123 S.Ct. 353.
Just as in Ventura, “every consideration that classically supports the law’s ordinary remand requirement does so here.” Id. at 16, 123 S.Ct. 353; see also Gonzales v. Thomas, — U.S. -, -, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006) (per curiam) (summarily reversing in a case similar to Ventura because there existed “no special circumstance ... that might have justified the [court’s] determination of the matter in the first instance,” and the court therefore should have “applied the ordinary remand rule” (internal quotation marks omitted)); W. Va. Highlands Conservancy Inc., 343 F.3d at 248-49 (vacating a district court order that attempted to make de novo findings not made by the agency because the “question was for the [agency] to decide, and the district court should have remanded the matter to the [agency] for the appropriate factfinding”). In this case, it is for the agency, and the agency alone, to properly examine all the evidence in order to make the initial determination of whether the irrebuttable presumption should be triggered in favor of Perry. In deciding that matter ourselves, the majority opinion impermissibly oversteps this court’s bounds.
III.
Although I agree with the majority that substantial evidence does not support the Board’s decision, I believe that the majority oversteps our review authority. Therefore, I respectfully dissent.