FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLACK MESA WATER COALITION; DINE HATAALII ASSOCIATION; TO NIZHONI ANI; DINE ALLIANCE; C-AQUIFER FOR DINE; SIERRA CLUB; CENTER FOR BIOLOGICAL DIVERSITY; NATURAL RESOURCES DEFENSE COUNCIL, *Plaintiffs-Appellants*, <br><br> v. <br><br> SALLY JEWELL, in her official capacity as U.S. Secretary of the Interior, *Defendant-Appellee*. | No. 12-16980 <br><br> D.C. No. 3:11-cv-08122-GMS <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted
November 21, 2014—San Francisco, California

Filed January 26, 2015

Before: Ronald M. Gould and Paul J. Watford, Circuit Judges, and Solomon Oliver, Jr., Chief District Judge.*

Opinion by Judge Gould

## SUMMARY**

### Fees and Costs

The panel reversed in part, and vacated in part, the district court's judgment in an action for costs and expenses brought by a plaintiff group of environmental and community organizations against the federal Office of Surface Mining Reclamation and Enforcement after plaintiff participated in a successful challenge to OSM's grant of a coal mining permit revision.

Plaintiff petitioned the agency under the Surface Mining Control and Reclamation Act's administrative fee-award provision to recover costs and expenses from OSM. The administrative law judge dismissed the fee petition based on the conclusion that plaintiff was not "eligible," and was not "entitled" to costs and expenses, under 43 C.F.R. § 4.1294(b).

The panel held that its review of the agency's "eligibility" determination was *de novo*, and its review of the

---

* The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

"entitlement" determination was for substantial evidence. The panel concluded that plaintiff was "eligible" for fees because it showed some degree of success on the merits, and the agency's contrary conclusion was error as a matter of law. The panel vacated the portion of the district court's decision as related to the question of entitlement. The panel declined to reach the issue whether plaintiff was "entitled" to fees, and remanded for the agency to consider the issue. Finally, the panel rejected plaintiff's argument that the Secretary of the Interior had waived a challenge to the reasonableness of any award amount that the agency might grant on remand for costs and expenses reasonably incurred for plaintiff's participation in the proceedings at the agency level.

---

## COUNSEL

Brad A. Bartlett (argued), Western Energy Justice Center, Durango, Colorado; Matt Kenna, Public Interest Environmental Law, Durango, Colorado; Walton D. Morris, Jr., Morris Law Office, P.C., Charlottesville, Virginia, for Plaintiffs-Appellants.

Paul A. Bullis (argued), Assistant United States Attorney; John S. Leonardo, United States Attorney, District of Arizona; Mark S.Kokanovich, Deputy Appellate Chief, Phoenix, Arizona, for Defendant-Appellee.

---

## OPINION

GOULD, Circuit Judge:

Black Mesa Water Coalition, et al. (Black Mesa), a group of environmental and community organizations, sought costs and expenses, including attorney's and expert witness fees, from the Federal Office of Surface Mining Reclamation and Enforcement (OSM) after Black Mesa participated in a successful challenge to OSM's grant of a coal mining permit revision. An Administrative Law Judge (ALJ) denied Black Mesa's fee request, and the Interior Board of Land Appeals (IBLA) affirmed. Upon review, the district court affirmed the agency's final decision. Black Mesa appeals the district court's decision. We have jurisdiction under 28 U.S.C. § 1291. We reverse in part, vacate in part, and remand to the district court with instructions to remand to the agency for further proceedings on the question of "entitlement."

## I

Black Mesa, Kendall Nutumya, and others challenged a coal mining permit revision that OSM granted to Peabody Western Coal Company (Peabody) for coal mining operations in northeastern Arizona. The ALJ consolidated ten separate challenges to the permit revision, including Black Mesa's and Nutumya's, because "they involve[d] common questions of law or fact." *See* 43 C.F.R. § 4.1113. The ALJ granted one of Nutumya's two motions for summary decision, concluding that OSM violated the National Environmental Protection Act of 1969 (NEPA), 42 U.S.C. §§ 4321–4370h (2010), by failing to prepare a supplemental NEPA analysis and by failing to include an adequate range of alternatives to the proposed action in the Final Environmental Impact Statement (EIS).

The ALJ vacated OSM's decision to grant Peabody's permit revision and remanded to OSM.  The ALJ denied the other parties' motions for summary decision as moot, including the motion filed by Black Mesa, stating that "[e]ach applicant sought to vacate OSM's decision, which has now been done. Since I can give no additional relief, their motions are now moot."

Black Mesa petitioned the agency under the Surface Mining Control and Reclamation Act's (SMCRA) administrative fee-award provision to recover costs and expenses from OSM, including attorney's and expert witness fees, "reasonably incurred" as a result of Black Mesa's participation in the consolidated administrative appeal of OSM's permit revision decision.  *See* 30 U.S.C. § 1275(e). OSM moved to dismiss Black Mesa's fee request, contending that Black Mesa was neither "eligible" for nor "entitled" to fees under the regulation governing agency fee awards under SMCRA.  *See* 43 C.F.R. § 4.1294(b).  The ALJ agreed with OSM and granted its motion to dismiss Black Mesa's fee petition.

The ALJ reasoned that Black Mesa was not "eligible" under 43 C.F.R. § 4.1294(b) because (1) the consolidation of the proceedings did not mean that one party's success should be attributed to another, or in other words "does not demonstrate that the [o]ther [p]etitioners prevailed in any part or achieved any degree of success on the merits of their own requests for review"; (2) Black Mesa could not have achieved success on the merits, because its motions were dismissed as moot; (3) the fact that Black Mesa argued similar NEPA failures on OSM's part as Nutumya had argued was insufficient to show eligibility, because the ALJ relied on additional arguments by Nutumya and no argument by Black

Mesa; and (4) the public policy of encouraging good faith actions by the public is not advanced "simply because [Black Mesa] challenged a government action that another person succeeded in having remanded." The ALJ also reasoned that Black Mesa was not "entitled" to costs and expenses under 43 C.F.R. § 4.1294(b) because (1) its coordination allegations did not show that Black Mesa and Nutumya "pool[ed] all the NEPA issues" and divided them up, but instead showed that the parties remained free to choose which arguments to make in motions for summary decision; (2) although Nutumya's NEPA motion included some of Black Mesa's discovery materials as an exhibit, the arguments on which the ALJ granted Nutumya's motion did not rely on those materials; and (3) Black Mesa "did not cause the determination of the issues" that the ALJ reached.

Black Mesa appealed the ALJ's dismissal of its fee petition to the IBLA, which affirmed on substantially similar grounds to those stated by the ALJ. Regarding "entitlement," the IBLA added that no "causal nexus" supported a finding of "entitlement," and observed that "[o]ut of the 1,065 hours [Black Mesa's] counsel documented as having spent litigating OSM's decision, they spent a total of 5.33 hours conferring with Nutumya's legal team about NEPA issues." Black Mesa sought review of the agency's final decision in district court, and the district court affirmed the agency's "entitlement" determination as supported by "substantial evidence in the record," declining to reach "eligibility."

## II

Ordinarily, we review IBLA decisions on the legal merits of a proceeding to determine whether they are arbitrary, capricious, not supported by substantial evidence, or contrary

to law. *Akootchook v. United States*, 271 F.3d 1160, 1164 (9th Cir. 2001); 5 U.S.C. § 706(2). However, the standard of review for agency fee decisions under SMCRA's administrative fee-award provision at 30 U.S.C. § 1275(e) is a question of first impression for our court. Black Mesa argues that we review the agency's fee "eligibility" determinations *de novo* and "entitlement" determinations for abuse of discretion. The Secretary of the Interior (Secretary) argues that a fee-award decision by the agency under 30 U.S.C. § 1275(e) is reviewed under the Administrative Procedure Act's (APA) deferential standard that agency action may only be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . even though it involves costs and expenses (including attorney's fees)."

The SMCRA fee-award provision at issue here states:

> Whenever an order is issued under this section, or as a result of any administrative proceeding under [SMCRA], at the request of any person, a sum equal to the aggregate amount of all costs and expenses (including attorney fees) as determined by the Secretary to have been reasonably incurred by such person for or in connection with his participation in such proceedings, including any judicial review of agency actions, may be assessed against either party as the court, resulting from judicial review or the Secretary, resulting from administrative proceedings, deems proper.

30 U.S.C. § 1275(e). Under this statute, the Secretary has issued regulatory guidance for when costs and expenses, including attorneys' fees, may be awarded "to any person . . . who initiates or participates" in an agency proceeding under SMCRA. 43 C.F.R. § 4.1294(b). A person may receive a fee award from OSM if that person is eligible for, i.e., "prevails in whole or in part, achieving at least some degree of success on the merits," and entitled to a fee award, i.e., "upon a finding that such person made a substantial contribution to a full and fair determination of the issues." *Id.*

A helpful circuit court case on reviewing agency fee-award decisions under 30 U.S.C. § 1275(e) is *West Virginia Highlands Conservancy, Inc. v. Norton*, 343 F.3d 239 (4th Cir. 2003). There, the Fourth Circuit held that agency decisions under the "eligibility" prong of its fee award regulation are legal determinations reviewed *de novo*, because whether a party achieved some degree of success on the merits is an interpretation based on general common law principles and not on expertise in the agency's particular field. *West Virginia Highlands*, 343 F.3d at 245–46. We have, in other contexts, treated similar questions about party success on the merits as questions of law reviewed *de novo*. *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (reviewing *de novo* "prevailing party" status under attorney's fees provision for § 1983 actions). Although the agency has included language about party success on the merits within its two-prong regulation for fee-award decisions and SMCRA's administrative fee-award provision allows the Secretary of the Interior to award fees resulting from administrative proceedings if the Secretary deems such an award proper, we agree with the Fourth Circuit's reasoning in *West Virginia Highlands* and conclude that whether Black Mesa "prevail[ed] in whole or in part, achieving at least some

degree of success on the merits" is properly reviewed *de novo*.

However, the "entitlement" determination, i.e., whether a person who participated in a SMCRA administrative proceeding "made a substantial contribution to a full and fair determination of the issues" in substance is a factual determination. 43 C.F.R. § 4.1294(b). The agency's fee-award regulation supports this conclusion by noting that "upon a *finding*" of entitlement, the agency may award fees. *Id.* (emphasis added). *West Virginia Highlands* also concludes that a determination of "entitlement" is a factual finding made by the agency, and we conclude that the Fourth Circuit's reasoning is persuasive on that point as well. *West Virginia Highlands*, 343 F.3d at 248. Because the "entitlement" determination is a factual finding made at the agency level, we review it under the "substantial evidence" standard. *Dickinson v. Zurko*, 527 U.S. 150, 152–61 (1999) (rejecting the "clearly erroneous" standard of review for judicial review of agency fact-findings and reaffirming "substantial evidence" as the appropriate standard); *E. Bay Auto. Council v. N.L.R.B.*, 483 F.3d 628, 633 (9th Cir. 2007).

In summary, on the standard of review applicable here, we hold that review of the agency's "eligibility" determination is *de novo* and its "entitlement" determination is reviewed for substantial evidence.

## III

Reviewing the agency's "eligibility" determination *de novo*, we conclude that Black Mesa is "eligible" for fees because it showed some degree of success on the merits. The governing rule is set forth by regulation in 43 C.F.R.

§ 4.1294, governing who may receive an award of attorney fees. With respect to eligibility, it provides that appropriate costs and expenses, including attorney fees, may be awarded from OSM to any person who initiates or participates in any proceeding under the Act, and who prevails in whole or in part, "achieving at least some degree of success on the merits." 43 C.F.R § 4.1294 (b).

The issue on eligibility for such an award of fees from OSM is whether Black Mesa achieved "some degree of success on the merits." Addressing that issue on *de novo* review, we are persuaded that Black Mesa did achieve a degree of success on the merits. For one thing, Black Mesa raised the NEPA arguments for which Nutumya prevailed at summary decision in both Black Mesa's Request for Review before the agency and during the public comment period for the Final EIS. Whether or not raising those arguments at those stages was necessary to preserve the issues throughout the administrative appeal process, as Black Mesa contends and the Secretary disputes, is not crucial to our analysis. Rather, making those arguments early in the merits stages of the administrative proceedings shows "participation" in those proceedings regarding the NEPA issues and supports the conclusion that Black Mesa achieved some degree of success on the merits. For another thing, the relief given on Nutumya's NEPA motion was congruent with the relief that Black Mesa sought, a reason the ALJ gave for dismissing Black Mesa's motion for summary decision as moot. We disagree with the Secretary that, based on case captions and docket numbers, the consolidated requests for review had a "separate, distinct character" sufficient to overcome requirements for fee "eligibility." The actions were separate but related, especially on the relief sought. Moreover, we do not think it is correct to say that whenever the agency

dismisses one party's motion as moot because the relief it requested was already granted upon another party's motion, then the former party's enjoyment of relief gained on motion of another means that it achieved no success on the merits. That would negate the permissive quality of both SMCRA's administrative fee-award statute and the agency's regulatory guidance for it. *See West Virginia Highlands*, 343 F.3d at 244 (characterizing SMCRA's administrative fee-award statute as a permissive, "whenever appropriate" type fee-shifting provision). We hold that Black Mesa is "eligible" for fees, and the agency's contrary conclusion was error as a matter of law.

## IV

In light of our decision on "eligibility," we decline to reach whether, on this record, Black Mesa was "entitled" to fees. Instead, that issue should be remanded for the agency to consider, because we cannot be sure how the agency will view substantial contribution when told that Black Mesa was in fact eligible for fees, contrary to the agency's prior rationale. Also, while we are not reaching and deciding the issue of substantial contribution, we have a degree of discomfort with the possibility that unless parties sit down and agree to fight a fully-coordinated battle, then they must duplicate one another's arguments in each of their individual briefs to preserve entitlement to fees. Under the agency's rationale, this would  appear to require increased litigation costs and expenses before parties could seek to recover their requested award amounts, forcing the agency, if unsuccessful on the merits of an administrative appeal, to pay for more extensive briefing, if in the end the agency awarded fees. It is more sensible to recognize that once a party has gained some degree of success on the merits, it may then be awarded

fees only if it made a substantial contribution to a full and fair resolution of the issues, and that the amount of any fee award will be commensurate with its contribution to the result. We vacate this portion of the district court's decision as related to "substantial contribution" and the question of entitlement. We remand to the district court with instructions that it remand to the agency to allow it to determine anew, in view of our decision on eligibility, whether Black Mesa has shown an "entitlement" to fees by making a substantial contribution to the full and fair resolution of issues. Further, we reject Black Mesa's argument that the Secretary has waived a challenge to the reasonableness of any award amount that the agency might grant on remand for costs and expenses reasonably incurred for Black Mesa's participation in the proceedings at the agency level. Should the agency award fees to Black Mesa on remand, the Secretary may still challenge the award's reasonableness, and, if there was substantial contribution to a full and fair determination of the issues, the agency would be able to award fees in any amount that is reasonable under the circumstances.

**REVERSED in part, VACATED in part, and REMANDED.**