**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1529**

DAVID ORLANDO MARQUEZ CRUZ, a/k/a David Cruz,

        Petitioner,

      v.

ROBERT M. WILKINSON, Acting Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 29, 2021                      Decided: March 3, 2021

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Remanded by unpublished per curiam opinion.

Himedes V. Chicas, JEZIC & MOYSE, LLC, Silver Spring, Maryland; Benjamin R. Winograd, IMMIGRANT & REFUGEE APPELLATE CENTER, LLC, Alexandria, Virginia, for Petitioner. Jeffrey Bossert Clark, Acting Assistant Attorney General, Jennifer J. Keeney, Assistant Director, Melissa K. Lott, Criminal Immigration Team, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Orlando Marquez Cruz, a native and citizen of El Salvador, petitions this Court for review of a final order of the Board of Immigration Appeals (BIA) finding him removable from the United States. We remand for further proceedings so that the BIA has the opportunity to address two questions: (1) whether Congress intended 8 U.S.C. § 1227 (a)(2)(E)(i) to apply to aliens convicted of an attempt or inchoate offense; and (2) whether a strict liability statute can satisfy the BIA's interpretation of 8 U.S.C. § 1227(a)(2)(E)(i).

I.

In 2009, Cruz was admitted to the United States as a lawful permanent resident. In 2018, he pled guilty to attempted second-degree child sex abuse under Sections 22-3009 and -3018 of the D.C. Code and was convicted in the Superior Court of the District of Columbia. After his release, the Department of Homeland Security (DHS) detained Cruz and charged him with removal under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony, and under 8 U.S.C. § 1227(a)(2)(E)(i) for having been convicted of a "crime of child abuse, child neglect, or child abandonment." The Immigration Judge (IJ) found that his D.C. conviction did not qualify as an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), but that it did qualify as a "crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i). Thus, the IJ sustained DHS's charge of removability on that second ground. The IJ denied petitioner's application for cancellation of removal as a matter of discretion.

Cruz appealed to the BIA, challenging the IJ's finding that his conviction qualified as a crime of child abuse and that he did not merit a discretionary grant of cancellation of

2

removal. The BIA dismissed the appeal in a single-member unpublished decision. In so doing, the BIA concluded that Cruz was removable based on his conviction for attempted second-degree child abuse under 8 U.S.C. § 1227(a)(2)(E)(i).

But in dismissing the appeal, the BIA did not address two important questions Cruz raises in his petition. First, Cruz argues the phrase "crime of child abuse, child neglect, or child abandonment" in 8 U.S.C. § 1227(a)(2)(E)(i) applies only to completed offenses. Instead of addressing Cruz's statutory interpretation position, the BIA primarily noted that Cruz failed to present any precedential authority supporting his contention that § 1227(a)(2)(E)(i) does not apply to attempted child abuse. Second, the BIA failed to fully address a second argument advanced by Cruz. In his petition, Cruz contends a strict liability crime such as Section 22-3009 of the D.C. Code cannot qualify as a crime of child abuse. But in rejecting that contention below, the BIA did not address whether 8 U.S.C. § 1227(a)(2)(E)(i)'s *mens rea* requirement applies to both conduct and age of victim. And for that same issue, it likewise failed to address its prior published decisions indicating that 8 U.S.C. § 1227(a)(2)(E)(i) does not encompass strict liability offenses. *See Matter of Soram*, 25 I. & N. Dec. 378 (BIA 2010); *Matter of Mendoza Osorio*, 26 I. & N. Dec. 703 (BIA 2016).

It is a fundamental principle of administrative law that a "'judicial judgment cannot be made to do service for an administrative judgment.'" *Gonzales v. Thomas,* 547 U.S. 183, 186 (2006) (quoting *SEC v. Chenery Corp.,* 318 U.S. 80, 88 (1943)). Thus, as a general matter, we "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Ventura,* 537 U.S. 12, 16 (2002). This principle

3

rests on the "basic proposition that a reviewing court may not decide matters that Congress has assigned to an agency." *W. Va. Highlands Conservancy, Inc. v. Norton,* 343 F.3d 239, 248 (4th Cir. 2003). This proposition is particularly relevant here since "[j]udicial deference in the immigration context is of special importance." *Negusie v. Holder*, 555 U.S. 511, 517 (2009).

Given the importance of the two questions described above, and because the BIA has already acted to clarify the scope of the term "crime of child abuse, child neglect, or child abandonment," we remand to the BIA for initial consideration. While the BIA may of course issue summary decisions and single-member decisions, *see generally Blanco de Belbruno v. Ashcroft,* 362 F.3d 272, 281–82 (4th Cir. 2004), we look to the BIA to "bring its expertise to bear upon the matter" and to provide the "informed discussion and analysis" on these issues as an initial matter. *See Ventura,* 537 U.S. at 17.

## II.

For the foregoing reasons, we remand for further proceedings consistent with this opinion. In so doing, however, we take no position on the merits of Cruz's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REMANDED*