PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WEST VIRGINIA HIGHLANDS
CONSERVANCY, INCORPORATED,

*Plaintiff-Appellee,*

v.

DIRK KEMPTHORNE, Secretary of the
Interior,

*Defendant-Appellant.*

No. 07-2189

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., Senior District Judge.
(2:06-cv-00011-FPS)

Argued: March 25, 2009

Decided: June 10, 2009

Before MICHAEL, KING, and AGEE, Circuit Judges.

Affirmed by published opinion. Judge Michael wrote the
opinion, in which Judge King and Judge Agee joined.

## COUNSEL

**ARGUED:** John Emad Arbab, UNITED STATES DEPART-
MENT OF JUSTICE, Environment & Natural Resources
Division, Washington, D.C., for Appellant. Walton Davis

Morris, Jr., MORRIS LAW OFFICE, PC, Charlottesville, Virginia, for Appellee. **ON BRIEF:** Ronald J. Tenpas, Assistant Attorney General, Aaron P. Avila, UNITED STATES DEPARTMENT OF JUSTICE, Environment & Natural Resources Division, Washington, D.C.; Wayne A. Babcock, UNITED STATES DEPARTMENT OF THE INTERIOR, Office of the Solicitor, Pittsburgh, Pennsylvania, for Appellant. Mary Anne Maul, Charleston, West Virginia, for Appellee.

---

**OPINION**

MICHAEL, Circuit Judge:

This appeal stems from the Interior Board of Land Appeals' (IBLA or Board) determination that the West Virginia Highlands Conservancy (WVHC) was not eligible for attorneys' fees after prosecuting an administrative appeal to the IBLA. In the administrative appeal WVHC had challenged a decision of the Office of Surface Mining Reclamation and Enforcement (OSM) that rejected a citizen complaint filed by WVHC with the agency. The appeal resulted in an IBLA remand order directing OSM to perform certain regulatory duties, including an investigation into whether it was required to reassert regulatory jurisdiction over a particular surface mining reclamation site pursuant to the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. § 1201 *et seq.* After the IBLA denied WVHC's petition for attorneys' fees in connection with the appeal, WVHC sought review of the denial in district court. The district court granted summary judgment to WVHC, holding that WVHC was eligible for an award of fees under SMCRA's fee-shifting provision. We affirm.

I.

A person adversely affected by a surface mining operation may file a citizen complaint with OSM when he believes a

SMCRA violation is occurring at the mining site. 30 U.S.C. § 1267(h)(1). If OSM has reason to believe there is a violation, the agency issues to the appropriate state regulatory authority what is known as a "ten-day notice." *Id.* § 1271(a)(1); 30 C.F.R. § 842.11(b)(1)(ii)(B). If ten days pass and the state fails "to take appropriate action to cause [the] violation to be corrected or to show good cause for such failure," OSM conducts its own inspection. 30 U.S.C. § 1271(a)(1); 30 C.F.R. § 842.11(b)(1)(ii)(B)(1).

On May 13, 1994, WVHC filed a citizen complaint with OSM alleging that a reclaimed LaRosa Fuel Company (LaRosa) surface mining site, which had been authorized by a West Virginia permit, was violating effluent standards for acid mine drainage. Iron levels were too high and pH levels too low, according to WVHC. OSM filed a ten-day notice with the state regulatory authority, the West Virginia Department of Environmental Protection (DEP). The DEP declined to take any action to investigate or remedy the alleged SMCRA violation. In a letter to OSM, the DEP explained that it no longer had regulatory jurisdiction over the LaRosa site: as of October 10, 1983, the state agency had terminated jurisdiction over the site when it released the performance bond covering reclamation work, which had been completed. The DEP further reported to OSM that the release of the bond was "not based on fraud, collusion, or misrepresentation of a material fact." *W. Va. Highlands Conservancy*, 165 I.B.L.A. 395, 397 (May 13, 2005) [hereinafter *WVHC*]; *see also* 30 C.F.R. § 700.11(d)(2). Accordingly, the DEP declined to reassert jurisdiction over the LaRosa site or to otherwise take any action with respect to the violations alleged in WVHC's citizen complaint.

OSM rejected the DEP's explanation, concluding that the state agency had failed to take appropriate action. According to OSM: "The [S]tate's decision to release LaRosa's performance bond does not affect the State's responsibility to take enforcement action against LaRosa for its continued failure to

meet applicable effluent limitations and water quality standards." *WVHC*, 165 I.B.L.A. at 398. OSM, relying on the decision of an administrative law judge (ALJ) in an unrelated LaRosa case, concluded that OSM's regulatory jurisdiction over a mining site did not terminate upon the state's release of a reclamation bond. *See id.* OSM therefore undertook its own investigation of the allegations in WVHC's citizen complaint.

OSM inspected the LaRosa site on November 17, 1994. SMCRA's implementing regulations establish effluent limitations for acid mine drainage, including maximum allowable daily levels and average monthly levels for pH and iron. 30 C.F.R. § 715.17(a). OSM sampled pH and iron levels at four locations at the LaRosa site. The samples showed pH levels within the effluent limitations required by the regulations. But one of the three iron samples showed 4.0 milligrams per liter of iron, which is above the average monthly limitation of 3.5 milligrams per liter (even though it is within the maximum daily limit of 7.0 milligrams per liter). 30 C.F.R. § 715.17(a); *WVHC*, 165 I.B.L.A. at 399. OSM declined to take any further action on the citizen complaint, however. *WVHC*, 165 I.B.L.A. at 399. In its decision issued May 15, 1995, OSM explained that:

> The requested actions raise significant issues with respect to the agency's implementation of the Clean Water Act. . . . OSM is deferring action at this time on these issues to allow an opportunity for policy review and outreach. The outreach concerning enforcement of the Clean Water Act requirements had been initiated with the intent of reaching final agency positions regarding these policies within [an] 180-day period . . . . Thus, it would be premature for [the Field Office] to go forward in the manner that you have requested until this process has been completed.

*Id.* at 399-400.

WVHC appealed OSM's decision to the IBLA, arguing principally that OSM had erred in failing to take additional iron samples in order to calculate monthly average iron levels. *Id.* at 400. In its opinion the IBLA indicated that it was inclined to agree with WVHC that "the pendency of a request for programmatic relief does not excuse OSM from acting independently on inspection requests." *Id.* at 401. The Board, however, concentrated on a different issue: the question of whether OSM had jurisdiction over the LaRosa site. *Id.* After OSM's May 15, 1995, decision to take no further action on WVHC's citizen complaint, but before WVHC's appeal of that decision to the IBLA, the Board reversed the ALJ's determination (in the unrelated LaRosa case) that OSM's regulatory jurisdiction continued despite the full release of a performance bond by a state regulatory authority. *Id.* at 402 (citing *LaRosa Fuel Co., Inc. v. OSM*, 134 I.B.L.A. 334 (1996)). In reversing the ALJ in *LaRosa Fuel*, the IBLA held that "the State is granted exclusive jurisdiction upon approval of a State regulatory program . . . to determine when reclamation under the initial regulatory program has been completed." *Id.* at 402. According to the IBLA, West Virginia's written finding in a bond release that a mining operation complied with all state rules and regulations terminates both the state's jurisdiction and OSM's oversight jurisdiction regardless of whether OSM agrees with the finding. *Id.* The IBLA noted one exception to this rule: OSM must exercise jurisdiction if it finds "that the written determination was based on fraud, collusion, or misrepresentation of a material fact." *Id.* at 405 (quoting *LaRosa Fuel*, 134 I.B.L.A. at 346); *see also* 30 C.F.R. § 700.11(d)(2).

The IBLA's *LaRosa Fuel* decision prompted the Board to raise, on its own initiative, the question of OSM's jurisdiction to entertain WVHC's citizen complaint. The Board explained that OSM would lack jurisdiction to take further action if reclamation requirements at the LaRosa site had been success-

fully completed, the state had fully released the performance bond, and there was no basis for OSM to reassert jurisdiction. *WVHC*, 165 I.B.L.A. at 406. The Board concluded, however, that the record before it was "not sufficient to establish that jurisdiction [had] terminated." *Id.* Specifically, the Board noted that OSM had not addressed the West Virginia DEP's failure to include, in its response to the ten-day notice, a copy of any written determination by the agency that the LaRosa operation had successfully completed the applicable reclamation requirements for the site. Furthermore, OSM had failed to ascertain whether the DEP had any evidence of pre-mining water quality to support its claim that there was no significant difference in pre- and post-mining water qualities. That evaluation would be relevant, the Board said, in determining whether the state agency's formal termination of jurisdiction was based on a "misrepresentation of a material fact," which would require OSM to reassert jurisdiction. *Id.* at 405. The IBLA therefore set aside OSM's decision to take no further action and remanded for the agency to fulfill its obligation "to determine whether jurisdiction terminated under 30 [C.F.R. §] 700.11(d)(1)(i) and whether or not a basis for reasserting jurisdiction has been established under 30 [C.F.R. §] 700.11(d)(2)." *Id.* at 406.

The IBLA's remand decision prompted WVHC to file a petition with the Board seeking its reasonable costs and expenses, including attorneys' fees, from OSM pursuant to SMCRA. *See* 30 U.S.C. § 1275(e). Under the applicable regulations, fees are available to a participant in a proceeding under SMCRA "who prevails in whole or in part, achieving at least some degree of success on the merits" (the eligibility requirement), and who makes "a substantial contribution to a full and fair determination of the issues" (the entitlement requirement). 43 C.F.R. § 4.1294(b); *see also W. Va. Highlands Conservancy v. Norton*, 343 F.3d 239, 245 (4th Cir. 2003) [hereinafter *Norton*] (discussing eligibility and entitlement requirements).

In denying WVHC's fee petition, the IBLA determined that WVHC did not satisfy the threshold eligibility requirement because the organization had not achieved at least some degree of success on the merits. The IBLA reasoned that WVHC could not claim "any measure of success at this point" because the Board's remand decision rejected an assumption underlying WVHC's administrative appeal, which was that OSM had authority to inspect the LaRosa reclamation site. J.A. 68.

WVHC filed an action in district court against the Secretary of the Interior (the Secretary) seeking review of the IBLA's determination that WVHC was ineligible for costs and expenses, including attorneys' fees, in connection with the underlying administrative appeal. The district court granted summary judgment to WVHC, concluding that the IBLA's remand order represented "a partial success on the merits for [WVHC]," rendering the organization eligible for fees. *W. Va. Highlands Conservancy v. Kempthorne*, No. 2:06-cv-00011-FPS, slip op. at 17 (N.D. W. Va. Sept. 20, 2007). WVHC "partially prevailed," according to the district court, "because the remand obtained through [WVHC's] administrative appeal has served a key purpose of the citizen suit provision, which is to ensure that the agencies meet their regulatory obligations under SMCRA." *Id.* (citing *Norton*, 343 F.3d at 246). The district court's order would remand the case to the IBLA for consideration of the entitlement question. The Secretary appeals.

## II.

A district court order remanding a case to an administrative agency "is usually not a final, appealable decision under 28 U.S.C. § 1291." *Norton*, 343 F.3d at 244 (internal quotation marks omitted). "Nevertheless, 'if a district court order remanding a case to an administrative agency will be effectively unreviewable after a resolution of the merits, the order is a final decision.'" *Id.* (quoting *Hanauer v. Reich*, 82 F.3d

1304, 1306-07 (4th Cir. 1996)). Under SMCRA only those persons aggrieved by agency actions may petition for judicial review. 30 U.S.C. § 1276(a)(1). The agency itself cannot petition for judicial review. *See Norton*, 343 F.3d at 244. Therefore, "if we do not review the district court's summary judgment order [in this case] prior to a remand to the Board, the summary judgment order will become 'effectively unreviewable' as far as the Secretary is concerned." *Id.* at 244. The summary judgment order therefore operates as a final, appealable decision.

### III.

We review de novo the question of whether a party is eligible for an award of attorneys' fees under a fee-shifting statute. *Id.* at 246. Most fee-shifting statutes allow fees only to the prevailing party. *See id.* at 244 (citing *Loggerhead Turtle v. County Council*, 307 F.3d 1318, 1322 n.4 (11th Cir. 2002) (listing "prevailing party" statutes)). But some statutes allow fees when the court or agency determines an award is appropriate. *Id.* at 244 (citing *Loggerhead Turtle*, 307 F.3d at 1322-23 n.5 (listing "whenever appropriate" statutes)). Statutes that permit fee-shifting "whenever appropriate" "expand the class of parties eligible for fee awards from prevailing parties to *partially prevailing* parties—parties achieving *some success*, even if not major success." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 (1983). For a fee award to be "appropriate," there must be "some degree of success on the merits by the claimant." *Id.* at 694.

SMCRA includes a "whenever appropriate" fee-shifting provision; it authorizes an award of costs and expenses, including attorneys' fees, as "deem[ed] proper" by the Secretary. *See* 30 U.S.C. § 1275(e); *see also Norton*, 343 F.3d at 244-45 (determining that SMCRA's fee-shifting provision, § 1275(e), fits in the "whenever appropriate" category of statutes governed by *Ruckelshaus*). SMCRA regulations autho-

rize costs and expenses, including attorneys' fees, from OSM to

> any person, other than a permittee or his representative, who initiates or participates in any proceeding under [SMCRA], and *who prevails in whole or in part, achieving at least some degree of success on the merits*, upon a finding that such person made a substantial contribution to a full and fair determination of the issues.

43 C.F.R. § 4.1294(b) (emphasis added).

We interpret "prevailing in part"—or achieving some degree of success on the merits—in light of the goals of SMCRA's citizen suit provision, "a key purpose of which" is to ensure that OSM fulfills its statutory duties in a responsible manner. *See Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 316-17 (4th Cir. 1988). A party who obtains a remand order requiring an administrative agency to properly perform its regulatory duties has achieved some degree of success on the merits, as our decisions in *Hanson* and *Norton* have established.

In *Hanson* the plaintiffs brought a citizen suit under the Clean Water Act (the CWA), alleging that the U.S. Army Corps of Engineers (the Corps) failed to make an adequate evaluation of whether a tract of land contained wetlands. *Id.* at 315. The district court agreed with the plaintiffs and directed the Corps on remand to make a properly informed wetlands determination. *Id.* When the plaintiffs' attorneys' fees award was appealed to this court, we held that the plaintiffs were prevailing parties. *Id.* In achieving a remand that ordered the Corps to undertake a proper investigation, the plaintiffs had "served a key purpose of the citizen suit provision which is to ensure that the agencies" properly perform their duties under the CWA. *Id.* at 317.

In *Norton* WVHC filed with OSM a citizen complaint under SMCRA, seeking rescission of mining permits issued to one coal company that allegedly owned or controlled a second coal company that was mining in violation of SMCRA. 343 F.3d at 242-43. OSM determined that the first company did not own or control the second, and WVHC appealed to the IBLA. The Board ordered a remand, concluding that OSM had failed to develop an adequate record on which OSM could make a fully informed decision about the ownership and control issue. *Id.* at 243. In affirming WVHC's eligibility for fees, we held that a "remand order that required OSM to restart the informal review process . . . amounted to partial success [because it] required OSM to do a proper job in carrying out one of its duties under SMCRA." *Id.* at 247.

SMCRA assigns OSM certain duties with respect to coal mine reclamation sites, such as the LaRosa site here, even when the state regulatory authority has concluded that its jurisdiction is terminated. *See* 30 U.S.C. §§ 1254(b), 1271. These duties include the reassertion of OSM jurisdiction in certain circumstances. *Id.* §§ 1254(b), 1271. If OSM has reason to believe that a reclamation site is not in compliance with SMCRA, OSM must "notify the State regulatory authority of possible violations and allow the regulatory authority an opportunity to respond." *LaRosa Fuel Co.*, 134 I.B.L.A. at 347. If the state agency decides not to reassert jurisdiction, as occurred here, then OSM must determine whether the state agency properly terminated jurisdiction, *see* 30 C.F.R. § 700.11(d)(1)(i), and whether there is a basis for the state agency to reassert jurisdiction, *see id.* § 700.11(d)(2). If there is a basis for the reassertion of state regulatory jurisdiction over the reclamation site, then OSM must reassert oversight jurisdiction. *See* 30 C.F.R. § 700.11(d)(2); *LaRosa Fuel*, 134 I.B.L.A. at 350-51. OSM must also develop an adequate record to support its jurisdictional determinations.

In remanding WVHC's citizen complaint, the IBLA concluded that the record developed by OSM was inadequate to

determine whether OSM had properly fulfilled its duties under SMCRA. First, the Board noted that OSM had not addressed the fact that the West Virginia DEP's response to OSM's ten-day notice did not contain a written finding by the state agency that reclamation at the LaRosa site had been successfully completed. *WVHC*, 165 I.B.L.A. at 405-06; *see* 30 C.F.R. § 700.11(d) (requiring a written finding by the regulatory authority that all reclamation requirements have been successfully completed). Second, the IBLA concluded that OSM should explore whether the state agency had evidence of pre-mining water quality to support its assertion that there was no significant difference between pre- and post-mining water qualities. This evidence would be relevant, the Board said, in determining whether there had been a misrepresentation of material fact sufficient to trigger OSM's duty to reassert jurisdiction. *WVHC*, 165 I.B.L.A. at 406.

The IBLA's remand order thus required OSM to properly carry out the duty mandated by 30 C.F.R. § 700.11(d) to determine whether it was required to reassert regulatory jurisdiction over the LaRosa reclamation site. That achievement by WVHC amounts to some degree of success on the merits.

Our determination that WVHC achieved some degree of success is unaffected by the fact that the IBLA's remand order was grounded on an issue that WVHC did not directly press before the Board. "Whenever appropriate" attorneys' fees statutes "eliminate . . . the necessity for case-by-case scrutiny by federal courts into whether plaintiffs prevailed 'essentially' on 'central issues,'" or "essentially succeed[ed] in obtaining the relief [they] seek[ ] in [their] claims on the merits." *Ruckelshaus*, 463 U.S. at 688. Thus, it is enough here that the IBLA ordered OSM to carry out one of its regulatory duties. For our cases, such as *Hanson* and *Norton*, make clear that obtaining a remand that requires an agency to perform a regulatory duty represents the achievement of some success on the merits. The district court's summary judgment order holding that WVHC meets the eligibility requirement for an award of

attorneys' fees under SMCRA's fee-shifting provision is therefore

*AFFIRMED*.