PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RICKY A. DICKENS,

        *Plaintiff-Appellee,*

v.

AETNA LIFE INSURANCE COMPANY,
As Plan Administrator for the
Bristol-Meyers Squibb Long Term
Disability Group Plan, a foreign
corporation,

        *Defendant-Appellant.*

No. 11-1434

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Thomas E. Johnston, District Judge.
(2:10-cv-00088)

Argued: March 22, 2012

Decided: April 20, 2012

Before MOTZ, KING, and GREGORY, Circuit Judges.

Appeal dismissed by published opinion. Judge King wrote the opinion, in which Judge Motz and Judge Gregory joined.

**COUNSEL**

**ARGUED:** Christopher Alan Weals, MORGAN, LEWIS & BOCKIUS, LLP, Washington, D.C., for Appellant. Rachel J. Goldfarb, THE BELL LAW FIRM, Charleston, West Virginia, for Appellee. **ON BRIEF:** James E. Bayles, Jr., MORGAN, LEWIS & BOCKIUS, LLP, Chicago, Illinois, for Appellant. Harry F. Bell, Jr., THE BELL LAW FIRM, Charleston, West Virginia, for Appellee.

**OPINION**

KING, Circuit Judge:

Plaintiff Ricky A. Dickens filed suit in state court pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), after defendant Aetna Life Insurance Company ("Aetna") terminated his long-term disability benefits under his employer-sponsored plan. Following removal of the case to the Southern District of West Virginia, the parties filed cross-motions for summary judgment. Dickens also moved in the alternative to have the matter remanded to Aetna. By its Memorandum Opinion and Order of March 28, 2011, the district court denied both summary judgment requests, concluded that relevant evidence had not been adequately addressed, and remanded to Aetna for further consideration. *See Dickens v. Aetna Life Ins. Co.*, No. 2:10-cv-00088 (S.D. W. Va. Mar. 28, 2011) (the "Order").* Aetna, in turn, noticed this appeal.

Notwithstanding the parties' failure to identify and address the question of appellate jurisdiction, we raised the issue at oral argument. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (observing that appellate courts are obliged to inquire into jurisdiction sua sponte if

---

*The Order is found at pages 26-36 of the Joint Appendix filed by the parties in this appeal.

there is doubt as to its existence). In response to our inquiry, Aetna maintained that the Order is appealable under the collateral order doctrine. As explained below, we disagree and dismiss the appeal for lack of jurisdiction.

I.

The underlying facts in this case are largely undisputed. In 2002, Bristol-Meyers Squibb Company ("BMS") hired Dickens to be a senior territory business manager. In connection with his employment, Dickens participated in a long-term disability ("LTD") group plan sponsored by BMS (the "BMS Plan," or the "Plan"). In early 2004, Dickens began to experience clinical depression, anxiety, insomnia, and suicidal ideations. He applied for LTD benefits under the Plan, which a predecessor claims administrator granted on July 16, 2004. As required by the Plan, Dickens also applied for Social Security disability benefits. The Social Security Administration ("SSA") thereafter determined that Dickens was disabled under applicable law and awarded him benefits. Dickens continued to receive LTD benefits until August 31, 2008, at which point Aetna — the successor claims administrator for the Plan — terminated such benefits because, in its view, the medical evidence indicated that Dickens no longer suffered from a debilitating injury or illness. The SSA nevertheless continued to regard Dickens as disabled and to pay him benefits.

Dickens filed two appeals with Aetna concerning the termination of his LTD benefits, both of which were denied. Accordingly, on October 23, 2009, Dickens initiated this action in the Circuit Court of Fayette County, West Virginia, seeking to restore his LTD benefits and to enjoin Aetna from terminating such benefits in the future. On January 28, 2010, Aetna removed this case to federal court, invoking federal question jurisdiction pursuant to ERISA. Subsequently, the parties filed cross-motions for summary judgment. Dickens moved in the alternative to have the matter remanded to

Aetna. On March 28, 2011, the district court entered its Order, denying summary judgment to either party but granting Dickens's motion "to the extent it seeks remand to [Aetna] for reconsideration." Order 11.

In so ruling, the district court concluded that Aetna had abused its discretion by neglecting to address relevant evidence relating to the SSA's award of disability benefits. More specifically, the court decided that, because the BMS Plan's and SSA's definitions of "disability" were similar and the SSA's regulatory definition was more restrictive, Aetna was obliged to accord substantial weight to the SSA's disability determination. The Order explained that the SSA's disability award also warranted consideration because the Plan required Dickens to apply for Social Security benefits, and the Plan profited from the SSA's award in offset of the Plan's LTD benefits. Because the court concluded that Aetna had accorded no weight to the SSA's determination and failed to consider the SSA disability award in "any meaningful way," it deemed Aetna's decision to terminate LTD benefits "arbitrary and unreasonable." Order 9-10. The court, however, "express[ed] no opinion as to whether [Dickens] is disabled under the LTD Plan's definition." *Id.* at 10. Indeed, although Dickens sought attorney's fees with the view that the remand to Aetna represented a success on the merits, the court rejected that request, emphasizing that its Order did not address the substance of the claim. "Instead, the remand in this case," the court observed, "represents a purely procedural victory" for Dickens. *Id.*

Consistent with the view that the remand was but a momentary backtrack of the litigation, the district court never entered a final judgment. Nevertheless, on April 27, 2011, Aetna filed its notice of appeal. Dickens did not contest appellate jurisdiction, and briefing and argument ensued in this Court. The jurisdictional issue was first raised and addressed at oral argument.

## II.

## A.

## 1.

Our first obligation is "to ascertain whether we possess jurisdiction of an appeal, an issue we assess de novo." *United States v. Jefferson*, 546 F.3d 300, 308 (4th Cir. 2008). Jurisdiction in a court of appeals is generally reserved for the "final decisions of the district courts of the United States." 28 U.S.C. § 1291. It is undisputed that the Order is an interlocutory one, in that it did not resolve the merits of Dickens's claims for relief, and no final order or judgment was entered by the district court. *See Catlin v. United States*, 324 U.S. 229, 233 (1945) (defining a "final decision" under § 1291 as one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). It is also evident that the Order is not among the category of interlocutory orders that have been deemed final. *See, e.g.*, 28 U.S.C. §§ 1291, 1292(b); Fed. R. Civ. P. 54(b).

Although we have not addressed the question until now, several of our sister circuits have held that a district court order remanding to an ERISA claims administrator for reconsideration does not constitute a final decision. *See, e.g.*, *Young v. Prudential Ins. Co. of Am.*, 671 F.3d 1213, 1215-16 (11th Cir. 2012) (concluding that remand of ERISA dispute to claims administrator for further proceedings is not appealable); *Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1161 (10th Cir. 2007) (same); *Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund*, 425 F.3d 1087, 1091 (8th Cir. 2005) (same); *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 537-38 (6th Cir. 2004) (same); *Petralia v. AT&T Global Info. Solutions Co.*, 114 F.3d 352, 354 (1st Cir. 1997) (same). Conversely, the Seventh and Ninth Circuits have taken the minority view that, in certain circumstances, a district court's remand to an ERISA claims

administrator may constitute a final decision. *See Hensley v. Nw. Permanente P.C. Ret. Plan & Trust*, 258 F.3d 986, 993-94 (9th Cir. 2001), *overruled on other grounds by Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 966 (9th Cir. 2006); *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 978-79 (7th Cir. 1999). As explained below, the decisions adopting the minority view are less than convincing.

2.

First, the Seventh Circuit concluded in its *Perlman* decision that an order remanding a benefits determination to an ERISA claims administrator is a final decision — appealable under § 1291 — if it can be deemed the functional equivalent of a remand to the Commissioner of Social Security pursuant to the fourth unnumbered sentence of 42 U.S.C. § 405(g) (commonly called a "sentence-four remand"). 195 F.3d at 978-79. A sentence-four remand in a Social Security case authorizes a federal court to enter "'a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing.'" *Id.* at 978. The *Perlman* court observed that a remand to an ERISA claims administrator can "serve the same functions" as a sentence-four remand and thus acquire "the same jurisdictional treatment for purposes of § 1291." *Id.* at 979. The Seventh Circuit explained that, if a district court decides that the ERISA claims administrator's benefits determination "was erroneous and enters a judgment wrapping up the litigation," the court's decision is final "even if extra-judicial proceedings lie ahead" on remand, because "the case may never return to court." *Id.* In the same vein, a sentence-four remand also "depends on a finding of error in the Commissioner's decision" and "concludes the litigation in the district court." *Id.* at 978. Thus, "any protest about the Commissioner's decision on [a sentence-four] remand requires a new suit." *Id.*

In our view, analogizing a sentence-four remand in a Social Security case to an ERISA remand is inapt because, as the

Eighth Circuit explained in rejecting the *Perlman* rule, § 405(g) "expressly declares that sentence four remand orders are final judgments [and] ERISA has no comparable provision." *See Borntrager*, 425 F.3d at 1091; *accord Bowers*, 365 F.3d at 537-38. Furthermore, there is simply no basis for treating an order remanding a benefits determination to an ERISA claims administrator differently from a remand order to a federal administrative agency — which, as a general proposition, constitutes a non-final, non-appealable decision. *See W. Va. Highlands Conservancy v. Kempthorne*, 569 F.3d 147, 151-52 (4th Cir. 2009) (observing that remand to an administrative agency "is usually not a final, appealable decision [unless it] will be effectively unreviewable after a resolution of the merits").

Second, the Ninth Circuit in *Hensley* allied itself with the Seventh Circuit in concluding that an ERISA remand may, in the proper circumstances, constitute an appealable order. Unlike the Seventh Circuit, however, the *Hensley* court drew no analogy to a Social Security remand. Rather, the *Hensley* court simply followed Ninth Circuit precedent, which apparently deems an order remanding to an administrative agency to be appealable when it satisfies a three-part test — that is, the order conclusively resolves "a separable legal issue," application of an erroneous rule on remand "may result in a wasted proceeding," and "review would, as a practical matter, be foreclosed if an immediate appeal were unavailable." 258 F.3d at 993 (alteration and internal quotation marks omitted). The court of appeals determined that the order being challenged in *Hensley* satisfied all those factors. Significantly, we have never endorsed the *Hensley* analysis. Rather, we have been satisfied to adhere to the traditional collateral order doctrine, and the Supreme Court's consistent admonition that the "doctrine 'must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered.'" *See United States v. Myers*, 593 F.3d 338, 345 (4th Cir. 2010) (quoting *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 605 (2009)).

## B.

Because there is no final decision here, we only possess appellate jurisdiction if the Order is among "that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). To qualify as a collateral order under § 1291, a district court decision must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (alterations in original) (internal quotation marks omitted); *see also Mohawk*, 130 S. Ct. at 604. Aetna maintained at oral argument that the Order satisfies each of the collateral order requirements.

## 1.

In regard to the first collateral order requirement, Aetna asserts that the Order conclusively determined a disputed legal question, namely, the evidentiary standard that an ERISA claims administrator should apply in assessing a disability benefits claim. The Order concluded that, in light of the SSA's regulatory definition of disability, Aetna must accord substantial weight to the SSA's disability determination, and meaningfully consider the SSA's disability award. Although the Order was tailored to the underlying facts, the district court left no doubt that it had conclusively resolved the disputed question relating to the evidentiary standard for Aetna's LTD benefits determination. Fulfillment of the first collateral order requirement in Aetna's favor does not end our jurisdictional inquiry, however, because if the Order "fails to satisfy any of [the three] requirements, it is not an immediately appealable collateral order." *S.C. State Bd. of Dentistry*

*v. FTC*, 455 F.3d 436, 441 (4th Cir. 2006) (internal quotation marks omitted).

2.

Turning to the second collateral order requirement, Aetna points out that the Order did not reach the merits of Dickens's claims. True enough, but the district court's decision concerning the weight and consideration to be accorded the SSA's disability determination is not "completely separate from the merits." *See Will*, 546 U.S. at 349.

We have previously explained that the "issues raised in an interlocutory appeal need not be identical to those to be determined on the merits to fail under [the second] requirement; only a *threat* of substantial duplication of judicial decision making is necessary." *State Bd. of Dentistry*, 455 F.3d at 441. And that threat is real in this case because, according to the Order, the SSA's disability determination may be integral to Dickens's entitlement to LTD benefits under the BMS Plan. *Cf. Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 563 (11th Cir. 1995) (declining to apply collateral order doctrine in ERISA litigation where order remanding to claims administrator for consideration of relevant evidence was "inextricably intertwined with the merits of [plaintiff's] eligibility for benefits").

3.

Even if the SSA's disability determination were not so enmeshed in Dickens's LTD benefits claim, we are not convinced that the Order itself — or any subsequent award or denial of benefits by Aetna — would be effectively unreviewable, the third collateral order requirement. Aetna posits that the third requirement is met because, if it gives substantial weight to the SSA's disability determination, it will be compelled to award LTD benefits and thereby forfeit judicial review. Put succinctly, we disagree with Aetna's premise that,

to comply with the Order, it will have no choice but to award LTD benefits to Dickens. The Order has directed Aetna, as the claims administrator, to reweigh and reconsider the relevant evidence. Aetna was not, however, directed to render a finding of disability. *Cf. Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1251 (9th Cir. 1998) (rejecting insurer's argument that remand order "require[d] the award of benefits," observing rather that insurer "must make the necessary determinations regarding disability . . . then determine whether it will actually award benefits"); *Borntrager*, 425 F.3d at 1093 (concluding insurer "remain[ed] free, on remand, to confirm or reinstate the expulsion order on the existing record and then defend its decision in the district court").

Moreover, even if affording substantial weight to the SSA's disability determination yields an award of LTD benefits to Dickens, Aetna will nonetheless be entitled to appeal from a final judgment. The First, Sixth, and Eleventh Circuits have addressed similar concerns, that is, that ERISA claims administrators would "not be able to challenge the [remand] order in a later proceeding because [they] would be challenging [their] own eligibility determination." *See Bowers*, 365 F.3d at 537; *Young*, 671 F.3d at 1216; *Petralia*, 114 F.3d at 354. Those courts agree that there is a simple solution to any such perceived dilemma: "interpret the [remand] order of the district court . . . as having retained jurisdiction." *See Petralia*, 114 F.3d at 354. This approach "allow[s] either party to challenge the ensuing eligibility determination by motion before the same court." *Bowers*, 365 F.3d at 537. Notably, it also preserves for appeal the claims administrator's challenges to the remand order and to "any final judgment entered by the district court following the . . . decision on remand." *See Young*, 671 F.3d at 1216. Adopting the rationale of our aforementioned sister circuits, we are satisfied to construe the Order as retaining jurisdiction in the Southern District of West Virginia for appropriate further proceedings following disposition of the court's remand to Aetna. We thus conclude

that Aetna is unable to satisfy the third collateral order requirement.

## III.

Pursuant to the foregoing, the collateral order doctrine does not apply here. Therefore, we are bereft of jurisdiction and must dismiss this appeal.

*DISMISSED*