<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1848**
_____

AUTO-OWNERS INSURANCE COMPANY,

Plaintiff – Appellant,

v.

MADISON AT PARK WEST PROPERTY OWNERS ASSOCIATION, INC.;
MADISON AT PARK WEST TARRAGON LLC, a South Carolina Limited
Liability Company; NORTHLAND MADISON AT PARK WEST LLC, a
South Carolina Limited Liability Company; NORTHLAND
PROPERTIES MANAGEMENT LLC, a Delaware Limited Liability
Company; NORTHLAND INVESTMENT CORPORATION, a Delaware
Corporation; ELIZABETH O'DONNELL; MARY ANN NEATON; JOHN
BUIEL, on behalf of themselves and others similarly
situated,

Defendants – Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Margaret B. Seymour, District
Judge.  (2:09-cv-00802-MBS)

_____

Argued:  September 19, 2012          Decided:  October 26, 2012

_____

Before MOTZ, KING, and WYNN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**ARGUED:**  Morgan Stuart Templeton, WALL TEMPLETON & HALDRUP, PA,
Charleston, South Carolina, for Appellant.   Clayton B.
McCullough, MCCULLOUGH KHAN, LLC, Charleston, South Carolina;
Michael S. Seekings, LEATH, BOUCH & SEEKINGS, LLP, Charleston,

South Carolina, for Appellees.  **ON BRIEF:** Taylor H. Stair, WALL TEMPLETON & HALDRUP, PA, Charleston, South Carolina, for Appellant.  W. Jefferson Leath, Jr., LEATH, BOUCH & SEEKINGS, LLP, Charleston, South Carolina, for Appellees Elizabeth O'Donnell, Mary Ann Neaton, and John Buiel; Jamie A. Khan, MCCULLOUGH KHAN, LLC, Charleston, South Carolina, for Appellees Madison at Park West Property Owners Association, Inc., Madison at Park West Tarragon LLC, Northland Madison at Park West LLC, Northland Properties Management LLC, and Northland Investment Corporation.

————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these declaratory judgment proceedings, the district court ruled that the plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), is obliged to defend and indemnify three of the defendants, Madison at Park West Property Owners Association, Inc. (the "POA"), Madison at Park West Tarragon LLC ("Tarragon"), and Northland Madison at Park West LLC ("Northland Madison"), in an ongoing state action concerning the development and maintenance of a condominium complex in Mount Pleasant, South Carolina. See Auto-Owners Ins. Co. v. Madison at Park W. Prop. Owners Ass'n, Inc., No. 2:09-cv-00802 (D.S.C. July 6, 2011) (the "Decision").[1] Significantly, in rendering its Decision, the court only "assume[d], without deciding," a key condition of coverage under the relevant Auto-Owners insurance policies: "that an 'occurrence' caused 'property damage'" within the policies' terms. See id. at 9. Consequently, the court did not issue a final decision, and we are constrained to dismiss this appeal for lack of jurisdiction.

---

[1] The Decision is found at J.A. 770-86. (Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.)

3

I.

By its Complaint of March 30, 2009, Auto-Owners invoked the district court's diversity jurisdiction under 28 U.S.C. § 1332(a) and sought a declaration pursuant to 28 U.S.C. § 2201(a) that three commercial general liability policies issued by it to the POA "do not provide liability insurance coverage in the underlying lawsuit." See Complaint ¶¶ 5-7.[2] The "underlying lawsuit" referenced in Auto-Owners's Complaint is a class action brought in the Court of Common Pleas for Charleston County, South Carolina, by Madison at Park West condominium owners Elizabeth O'Donnell, Mary Ann Neaton, and John Buiel against the POA, Tarragon, Northland Madison, Northland Properties Management LLC, and Northland Investment Corporation. The condominium owners have alleged in the underlying lawsuit that, inter alia, they are entitled to monetary damages for water intrusion resulting from the defective development and maintenance of the condominium complex. Auto-Owners named all parties to the underlying lawsuit, which remains pending, as defendants in these declaratory judgment proceedings.

Auto-Owners's Complaint asserted, among other theories of non-coverage, that "an 'occurrence' and 'property damage' may

_____

[2] The Complaint, including its exhibits, is found at J.A. 15-187.

4

not be present as defined under the policies." See Complaint ¶ 7; see also id. ¶ 13 (reciting common policy provision that "[t]his insurance applies to . . . 'property damages' only if [the] 'property damage' is caused by an 'occurrence' . . . during the policy period"). On October 23, 2009, Auto-Owners filed a motion for partial summary judgment, without contending that there was no covered "occurrence" and resulting "property damage"; rather, Auto-Owners pursued other non-coverage theories. In reply to the defendants' joint opposition to Auto-Owners's summary judgment motion, however, Auto-Owners argued that the defendants bore the burden of proving "that 'property damage' . . . occur[red] within the policy period," and had "failed to set forth any evidence that 'property damage' occurred within any policy period." J.A. 486. On April 23, 2010, the district court denied Auto-Owners's motion, as well as a cross-motion for summary judgment that had been filed by the condominium-owner defendants, on the ground that material facts were genuinely disputed.

During closing arguments at a subsequent bench trial on July 27, 2010, Auto-Owners elaborated on its stance that the defendants were required, but had failed, to prove a covered "occurrence" and "property damage." See J.A. 736-38. For example, Auto-Owners argued to the district court that

5

you have not heard any evidence, you have not heard any testimony, you have not received any stipulation of fact, you have not seen any exhibit that in fact concludes that an occurrence took place and that property damages occurred during the policy period. You have received no evidence of that. So, we would respectfully submit [that the defendants] have not met their burden of proof from an insured's standpoint to establish those things.

Id. at 737-38. In response, the defendants maintained that they had not addressed the "occurrence" and "property damage" issue because the closing arguments were the first time Auto-Owners had raised that issue. See id. at 766.

By its Decision of July 6, 2011, encompassing its "Findings of Fact and Conclusions of Law," the district court ruled that Auto-Owners is obliged to defend and indemnify the POA, Tarragon, and Northland Madison in the underlying lawsuit. In so doing, the court acknowledged Auto-Owners's argument that the defendants failed to produce evidence "that would support a finding that there had been an 'occurrence' that caused 'property damage,'" but determined that such matter was "not properly before the Court" because it "was never discussed in Auto-Owners' briefing." Decision 9 n.3. The court deemed it appropriate, "[f]or the purposes of this declaratory judgment action, [to] assume[], without deciding, that an 'occurrence' caused 'property damage' within the Policy period and that Auto-

6

Owners could not properly deny coverage on that basis." Id. at 9.[3]

The district court noted that its Decision "concludes this action" and directed the Clerk of Court "to close the case." See Decision 17. On July 7, 2011, the court entered a Judgment reflecting that the "[d]efendants are entitled to coverage under the general liability policies provided by [Auto-Owners] assuming that an occurrence that caused property damage triggered coverage as discussed in the Findings of Fact and Conclusions of Law entered by the court on July 6, 2011." See Auto-Owners Ins. Co. v. Madison at Park W. Prop. Owners Ass'n, Inc., No. 2:09-cv-00802 (D.S.C. July 7, 2011), ECF No. 96 (emphasis added).

Auto-Owners timely noted this appeal, and the parties expressed agreement in their subsequent briefs that we possess appellate jurisdiction pursuant to 28 U.S.C. § 1291 (providing, in pertinent part, that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the

---

[3] Proceeding on the assumption that an "occurrence" caused "property damage," the district court assessed — and largely rejected — Auto-Owners's assertion of various coverage exclusions and limitations. See Decision 9-17. The court also found that, because Tarragon was identified as an additional insured in the Auto-Owners policies and had simply changed its name to Northland Madison during the coverage period, Northland Madison also is an additional insured. Id. at 7-9, 17.

7

district courts of the United States, . . . except where a direct review may be had in the Supreme Court"). Although the briefs addressed the district court's mere assumption of an "occurrence" and resulting "property damage" — with Auto-Owners claiming that the court erred in not resolving that issue, and the defendants responding that the issue could not be properly decided absent a judgment in the underlying lawsuit — neither side acknowledged the potential jurisdictional ramifications. Thus, we advised the parties to be prepared to answer questions at oral argument as to the finality of the district court's Decision and existence of jurisdiction for this appeal, and we directed them to file post-argument supplemental briefs expounding on their jurisdictional arguments. The parties have continued to maintain, though not convincingly, that this appeal is properly before us.

II.

We "are obliged to inquire into jurisdiction sua sponte if there is doubt as to its existence." Dickens v. Aetna Life Ins. Co., 677 F.3d 228, 230 (4th Cir. 2012) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)). In ascertaining "whether we possess jurisdiction of an appeal, . . . we assess [the issue] de novo." United States v.

8

*Jefferson*, 546 F.3d 300, 308 (4th Cir. 2008) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

### A.

Of course, "[j]urisdiction in a court of appeals is generally reserved for the 'final decisions of the district courts of the United States.'" *Dickens*, 677 F.3d at 231 (quoting 28 U.S.C. § 1291). A "final decision" under § 1291 has been described as one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Section 1291's finality requirement serves, inter alia, "to eliminate the universally disfavored pursuit of 'piecemeal' appeals" and "promote[] the interests of judicial efficiency." *Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 294-95 (4th Cir. 2008).

*Mapp* involved a declaratory judgment action in which the district court decided that the insurer (Penn-America) had a duty to defend its insured in pending state litigation, but deemed it necessary to await the state court's judgment before ruling on whether Penn-America also owed indemnification. *See* 521 F.3d at 295. The district court then specified that the declaratory judgment action "would be 'dismissed from [the court's] active docket [but] may be reinstated upon proper motion by any party.'" *Id.* (first alteration in original) (quoting *Penn-Am. Ins. Co. v. Mapp*, 461 F. Supp. 2d 442, 459

9

(E.D. Va. 2006)). Rather than pausing for the conclusion of the state litigation and a subsequent ruling by the district court on the indemnification question, Penn-America immediately noted an appeal from the court's duty-to-defend decision. See id. at 294-95. In assessing whether our Court possessed § 1291 jurisdiction, "we recognized that the removal of a case from a [district] court's 'active docket' is the functional equivalent of an administrative closing, which does not end a case on its merits or make further litigation improbable." Id. at 295. Because the district court thus had not rendered a final decision, we concluded that we lacked jurisdiction under § 1291 to hear Penn-America's appeal. Id. at 296.

Here, by "assum[ing], without deciding, that an 'occurrence' caused 'property damage,'" Decision 9, the district court acknowledged that the presence of an "occurrence" and "property damage" was — like the existence of the duty to indemnify in Mapp — a live issue being left unresolved. Accordingly, notwithstanding the court's purported Judgment, its Decision was not a final one, i.e., a decision "'which puts an end to the suit, deciding all the points in litigation between the parties, leaving nothing to be judicially determined, with nothing remaining to be done, but to enforce by execution what has been determined.'" See Clinton Foods, Inc. v. United States, 188 F.2d 289, 291 (4th Cir. 1951) (quoting Cox v.

10

*Graves, Knight & Graves, Inc.*, 55 F.2d 217, 218 (4th Cir. 1932)). In these circumstances, we are plainly devoid of jurisdiction under § 1291 to entertain this appeal.

B.

As noted above, the parties have unsuccessfully endeavored to persuade us that this appeal is legitimately before us. Nonetheless, a couple of the parties' contentions merit brief discussion.

First, both sides assert that, having determined that the "occurrence" and "property damage" issue was disputed but not properly before it, the district court was entitled to limit these declaratory judgment proceedings to other coverage questions — even though its Decision could later be nullified by a finding of no covered "occurrence" or "property damage." The parties' position is irreconcilable with the express language of the Declaratory Judgment Act, which authorizes relief only "[i]n a case of actual controversy." See 28 U.S.C. § 2201(a). That is, "the dispute must be a 'case or controversy' within the confines of Article III of the United States Constitution." *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990). To qualify, "'[i]t must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state

11

of facts.'" Id. (quoting Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937)); see also MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 n.7 (2007) ("[A] litigant may not use a declaratory-judgment action to obtain piecemeal adjudication of defenses that would not finally and conclusively resolve the underlying controversy." (citing Calderon v. Ashmus, 523 U.S. 740, 749 (1998))). Thus, the district court was powerless to complete these declaratory judgment proceedings without somehow resolving the "occurrence" and "property damage" issue.[4]

Next, the defendants maintain that we may review the district court's Decision under the collateral order doctrine and Federal Rule of Civil Procedure 54(b). See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) (recognizing the applicability of the collateral order doctrine to "that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights

----

[4] To be clear, the defect in the district court's Decision is its mere assumption that an "occurrence" caused "property damage" within the relevant coverage period. The deficiency is not necessarily the failure to await a judgment in the underlying state litigation, assuming that the "occurrence" and "property damage" issue could be decided absent such a judgment. See White, 913 F.2d at 168 (recognizing that "a controversy [may] exist[] between an insurer and a person injured by the insured even though the injured person ha[s] not yet obtained a judgment against the insured" (citing Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 274 (1941))).

12

asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"); Fed. R. Civ. P. 54(b) (providing that, "[w]hen an action presents more than one claim for relief[,] or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claim or parties only if the court expressly determines that there is no just reason for delay").  Those alternative jurisdictional arguments need not long detain us.  The collateral order doctrine does not apply because, inter alia, no claim addressed in the Decision will be effectively unreviewable on appeal from a true final judgment in this case.  See Mapp, 521 F.3d at 296-98.  Moreover, "a Rule 54(b) determination was neither sought by [Auto-Owners] nor independently made by the district court."  See id. at 296 (describing certification procedure for pursuing Rule 54(b) appeal).

## C.

Absent jurisdiction, we must dismiss this appeal.  We recognize, however, that the district court has numerous options for handling these declaratory judgment proceedings going forward.  For instance, the court may resolve — on the merits or procedural grounds, with or without a stay pending the state court's judgment in the underlying litigation — the "occurrence"

13

and "property damage" issue.  Or, the court may determine that this matter is nonjusticiable for lack of an Article III case or controversy.  Rather than express our views on any such possibilities, we allow the district court to freely exercise its good judgment in the first instance.

III.

Pursuant to the foregoing, we dismiss this appeal for lack of jurisdiction.

<u>DISMISSED</u>

14