**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2111**

HAROLD L. PLESS, SR.,

                     Plaintiff – Appellant,

          v.

GARY WATKINS, Detective of Kannapolis Police Department;
JENNIFER HYATT, Detective; TEN UNKNOWN,

                     Defendants - Appellees.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Catherine C. Eagles,
District Judge. (1:12-cv-00094-CCE-LPA)

Submitted: November 21, 2013      Decided: November 25, 2013

Before KING, DUNCAN, and DIAZ, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

Harold L. Pless, Sr., Appellant Pro Se. Jaye E. Bingham-Hinch,
CRANFILL SUMNER & HARTZOG, LLP, Raleigh, North Carolina; Patrick
Houghton Flanagan, Kelly Beth Smith, CRANFILL SUMNER & HARTZOG,
LLP, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard L. Pless, Sr., appeals the district court's judgment in favor of Defendants in Pless' civil action and the court's order denying his motion to reconsider that judgment. For the reasons that follow, we dismiss in part and affirm in part.

While Pless' notice of appeal designated only the court's August 22, 2013 order denying reconsideration, his informal brief appears primarily to challenge the district court's order requiring Defendants to explain their untimely summary judgment motion and its order granting summary judgment in favor of Defendants. However, we lack jurisdiction to review these orders.[1] Because Pless' post-judgment motion was not filed within twenty-eight days of the judgment, it did not toll the appeal period. Fed. R. App. P. 4(a)(4)(A) (addressing tolling of appeal period pending disposition of certain post-judgment motions); Fed. R. Civ. P. 59(e) (stating time to file motion to alter or amend judgment). Pless' notice of appeal therefore was untimely as to the court's underlying judgment and all other

---

[1] Although the parties do not address the timeliness of the appeal, we "are obliged to inquire into jurisdiction sua sponte if there is doubt as to its existence." Dickens v. Aetna Life Ins. Co., 677 F.3d 228, 230 (4th Cir. 2012) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)).

2

orders, except the post-judgment order denying reconsideration. See Fed. R. App. P. 4(a)(1)(A) (providing thirty-day appeal period). Accordingly, we dismiss Pless' appeal in part, insofar as it challenges the court's underlying judgment in favor of Defendants.

Turning to the order denying reconsideration, we conclude that the district court did not abuse its discretion in denying this motion, as Pless did not meet the requisite showing for Rule 60(b) relief.[2] See Fed. R. Civ. P. 60(b) (enumerating grounds for relief); Aikens v. Ingram, 652 F.3d 496, 500-01 (4th Cir. 2011) (en banc) (addressing requirements for Rule 60(b) relief, and recognizing that Rule 60(b) motion is not substitute for appeal); Dowell v. State Farm Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (describing required threshold showing). Thus, finding no reversible error, we affirm in part, insofar as the appeal challenges the district court's order denying reconsideration.

We grant Pless leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal

---

[2] A motion for reconsideration filed outside the time limits for filing a Rule 59(e) motion is construed as one seeking Rule 60(b) relief. In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992).

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>