**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2140**

JOHN B. KIMBLE,

                    Plaintiff – Appellant,

          v.

RAJESH K. RAJPAL, M.D.; RAJESH RAJPAL, trading as See
Clearly Vision & Washington Laser Eye,

                    Defendants - Appellees.

**No. 14-1024**

JOHN B. KIMBLE,

                    Plaintiff – Appellant,

          v.

RAJESH K. RAJPAL, M.D.; RAJESH RAJPAL, trading as See
Clearly Vision & Washington Laser Eye,

                    Defendants - Appellees.

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:13-cv-00298-CMH-IDD)

Submitted:  March 31, 2014          Decided:  April 17, 2014

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John B. Kimble, Appellant Pro Se.  Thomas Clyde Marriner, David Randolph Thompson, COWDREY THOMPSON PC, Easton, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, John B. Kimble appeals the district court's orders dismissing his civil action for lack of subject matter jurisdiction and denying his motion for relief from that judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, we affirm.

We review questions of subject matter jurisdiction de novo. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc). The plaintiff bears the burden to establish subject matter jurisdiction. Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md., 523 F.3d 453, 459 (4th Cir. 2008). A defendant may challenge subject matter jurisdiction in two ways. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). First, he may raise a "facial challenge" by asserting that the complaint fails to allege facts sufficient to support subject matter jurisdiction. Id. In that instance, the court must evaluate the complaint in the same manner utilized in assessing a motion to dismiss for failure to state a claim — that is, viewing the well-pleaded facts in the complaint as true. Id.

Alternatively, the defendant may challenge the factual basis for subject matter jurisdiction. Id. In considering a motion raising such a factual challenge, "the district court is to regard the pleadings' allegations as mere evidence on the

3

issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks omitted).

District courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2012). If one defendant is a citizen of the same state as the plaintiff, complete diversity is nonexistent, and federal jurisdiction will not lie. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). A corporation is deemed a citizen of every state by which it is incorporated, as well as a state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1) (2012).

On appeal, Kimble primarily challenges both the dismissal order and the order denying Rule 59(e) relief by asserting that complete diversity exists between the parties. The district court dismissed Kimble's action after concluding that one of the corporate Defendants, Washington Laser Eye Center, was incorporated in Maryland and therefore a citizen of

4

the same state as Kimble. In reaching its conclusion, the district court appears to have relied upon an opinion issued by the United States District Court for the District of Maryland, dismissing without prejudice Kimble's similar medical malpractice and related tort claims against Defendants Rajpal and See Clearly Vision. In that order, the district court declined to substitute Washington Laser Eye Center as a party after finding that, as a Maryland corporation, its presence would defeat diversity jurisdiction.[*] Although the Maryland district court's determination is not dispositive of the issue under the doctrine of collateral estoppel, see In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004) (stating requirements for collateral estoppel, including that "the issue or fact was critical and necessary to the judgment in the prior proceeding"), the court was permitted to consider the Maryland district court's finding in reaching its independent determination of the issue.

---

[*] We have previously affirmed the Maryland district court's dismissal order. Kimble v. Rajpal, 512 F. App'x 352, 353 (4th Cir. 2013) (No. 12-2142). While this court is required to inquire into its jurisdiction sua sponte, Dickens v. Aetna Life Ins. Co., 677 F.3d 228, 230 (4th Cir. 2012) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)), the issue of Washington Laser Eye Center's citizenship was not properly before us in that appeal, as it was not relevant either to this court's jurisdiction or to the issues raised by the parties on appeal.

Ultimately, Kimble bore the burden to establish the complete diversity required for subject matter jurisdiction. Considering the parties' pleadings in the district court, we conclude that Kimble failed to meet his burden. Additionally, we are "not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record." Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006) (internal quotation marks omitted). As an additional basis for affirmance, Kimble's complaint failed to allege any facts related to Washington Laser Eye Center's citizenship, and the court was entitled to dismiss the action based on Defendants' facial jurisdictional challenge. See Kerns, 585 F.3d at 192.

In addressing the dismissal order, Kimble raises a number of arguments for the first time on appeal or for the first time in his appellate reply briefs. These issues are not properly before us, and we decline to consider them. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (per curiam) (recognizing that issues raised in reply brief generally are not considered); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (stating that issues raised for first time on appeal will not be considered absent exceptional circumstances). Thus, we find no basis to conclude that the district court erred in dismissing the action for lack of subject matter jurisdiction.

Turning to Kimble's post-judgment motion, we review for abuse of discretion the district court's denial of a Rule 59(e) motion. Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010). Under Rule 59(e), the district court may alter or amend its judgment if the movant shows an intervening change in controlling law, new evidence that was not available at trial, or a clear error of law or manifest injustice. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). Our review of the record reveals that Kimble failed to make this showing, and the district court did not abuse its discretion in denying relief from the dismissal order under Rule 59(e).

We have reviewed the record in light of Kimble's remaining arguments and find them to be without merit. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7